JANE KINNEY, Respondent, *v.* THE CITY OF TROY, Appellant.

A city is not bound to keep its sidewalks absolutely free from ice, and while it may be liable to a traveler for injuries caused by an accumulation of ice rendering a sidewalk unsafe, where the circumstances are such as to charge it with a neglect of duty, to impose such liability something more must be shown than the simple fact that there was ice upon the sidewalk, rendering it slippery.

Where, therefore, from plaintiff's testimony in an action to recover damages for injuries received by falling upon a sidewalk rendered slippery by ice, it appeared that the ice was of recent formation; that three days before the sidewalk was "all right;" that for the two days before it had been thawing; that the ice lay upon the walk "all in one sheet just alike." *Held,* that the testimony failed to show a case entitling the plaintiff to recover, and that a refusal to nonsuit was error.

*Kinney* v. *City of Troy* (38 Hun, 285), reversed.

(Argued January 25, 1888; decided March 6, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 2, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict. (Reported below, 38 Hun, 285.)

This action was brought to recover damages for injuries resulting from a fall upon a sidewalk on one of defendant's streets, upon which ice had formed, rendering it slippery. The further material facts are stated in the opinion.

At the close of plaintiff's testimony, and at the close of the evidence, defendant's counsel moved for a nonsuit, which was denied

*R. A. Parmenter* for appellant. The motion for a nonsuit made at the close of the plaintiff's testimony and renewed at the close of the case should have been granted on the ground that the evidence was insufficient to warrant a verdict imputing negligence against the defendant. (*Muller* v. *City of Newburgh*, 32 Hun, 24; 105 N. Y. 668; *Taylor* v. *City of Yonkers*, 105 id. 202.) The court erred in admitting evidence as to the distance of the police station-house from the place of the accident, and the patrolling of Hoosick and the neighboring streets by police officers. It was not competent to establish liability against the defendant by knowledge or by notice to the police officers of the existence of this ice. (*Rehburg* v. *Mayor, etc.*, 91 N. Y. 137.) Under the law organizing the police department of the city of Troy (Chap. 328, Laws of 1880), neither the police commissioners nor the police force can be considered officers or agents of the city, in such sense as to make the corporation liable for their acts or omissions to act. (*Maximilian* v. *Mayor, etc.*, 2 Hun, 263; affirmed, 62 N. Y, 160; Dill. on Mun. Corp., § 773; *McKay* v. *City of Buffalo*, 9 Hun, 401; 74 N. Y. 619; *Lorillard* v. *Town of Monroe*, 11 id. 392.) Admitting that the police are directed to enforce the city ordinances, which require the owner or occupant to keep free from snow and ice the sidewalk in front of his house, their failure to do so would not constitute any basis of legal liability upon the part of the municipal corporation. (*Stillwell* v. *Mayor, etc.*, 17 J. & S. 360; 96 N. Y. 649; *Griffen* v. *Mayor, etc.*, 9 id. 456.) The city, with fifty-three miles of streets and twice that number of miles of sidewalks, was under no legal obligation to discover and remove

this small patch of ice previous to the accident.   (*Taylor* v. *City of Yonkers*, 105 N. Y. 202.)

*James Lansing* for respondent.   Where there is any evidence of defendant's negligence and of absence of contributory negligence upon the part of the plaintiff, the case should be submitted to the jury. (*Kain* v. *Smith*, 89 N. Y. 376; *Paine* v. *Troy and Boston R. R. Co.*, 83 id. 572; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 364; affirmed 62 N. Y. 28.)   When such submission has been made by the court and a verdict found, and the same has been affirmed by the General Term, it is conclusive upon this court.   (*Willis* v. *L. I. R. R. Co.*, 34 N. Y. 679; *Raux* v. *Brand*, 90 id. 309; *Quincy* v. *White*, 63 id. 375.)   There was sufficient testimony to go to the jury on the question of the obstruction being public and notorious. (*Todd* v. *City of Troy*, 61 N. Y. 506; *Lind* v. *Mayor, etc.*, 49 Supr. Ct. R. 126.)   Where the present slippery condition of the walk arises from the same cause which had previously existed and caused the similar results, such conditions are not distinct acts of negligence, but one continuous neglect, or at least the trial court may so find. (*Darling* v. *Mayor, etc.*, 18 Hun, 340; *Corbin* v. *Canajoharie*, 16 W. Dig. 188.)   Where a person of ordinary intelligence and prudence might reasonably apprehend danger, there is generally imposed upon him the duty of exercising greater care and caution in approaching it.   But the degree of care to be exercised to meet this obligation is a question of fact. (*Palmer* v. *Dearing*, 93 N. Y. 7; *Bassett* v. *Fish*, 75 id. 304; *Weed* v. *Village of Ballston Spa*, 76 id. 329; *Niven* v. *City of Rochester*, id. 619; *Lanigan* v. *New York Gas-Light Co.*, 71 id. 29; *Evans* v. *City of Utica*, 69 N. Y. 166.)   The testimony that policemen patrolled the street prior to the time of the accident was competent for the purpose of showing the character of the locality as a thorougfare, and that the police were authorized to enforce the ordinance respecting removal of ice and snow

by adjacent owners. (*Taylor* v. *City of Yonkers*, 105 N. Y. 202.) When the police force of a city is charged by statute with the duty to remove nuisances on the public streets, and enforce the ordinances of the common council of the city, notice to its police of a dangerous obstruction or defect in the streets contrary to its ordinances, is notice to the city. (Ordinances City of Troy, passed January 20, 1881, also § 13 ordinance passed on same subject 1838, Laws of 1880, chap. 328, §§ 26, 46 ; *Rehberg* v. *Mayor, etc.*, 91 N. Y. 137 ; *Lind* v. *Mayor, etc.*, 49 Super. Ct. R. 126 ; *Twogood* v. *New York*, 102 N. Y. 216 ; *Ehrgott* v. *Mayor, etc.*, 96 id. 264 ; *Bailey* v. *Mayor, etc.*, 3 Hill, 538 ; *Barnes* v. *District of Columbia*, 91 U. S. 540.) It is sufficient to sustain this judgment, if it shall appear that there was evidence to present the question to the jury either of actual or constructive notice. (*Peach* v. *City of Utica*, 10 Hun, 477.) The presence of glare ice may constitute an actionable defect in the sidewalk. (*Kinney* v. *City of Cohoes*, 16 W. D. 206 ; affd. Ct. of App. 2 East. Rep. 670.)

DANFORTH, J. That this city may be liable to a traveler for injuries occasioned by sidewalks unsafe in consequence of an accumulation of ice, is not to be questioned. (*Todd* v. *City of Troy*, 61 N. Y. 506.) But here there was no accumulation and it can scarcely be said there was unevenness at the place of the accident. On the contrary, the ice was all in one sheet, " just alike," and of recent formation. Three days before the sidewalk " was all right." It had been thawing the day before, and the day before that. The sidewalk itself was in good order. A city is not bound to keep its sidewalks absolutely free from ice, and we think the learned trial judge erred in submitting the case to the jury as one in which they might find that it had been guilty of some neglect of duty in regard to it. There was no ground for such speculation. It does not appear that ordinary care had not been exercised to keep the walk safe for use in the usual mode by travelers, nor that it was not so. We are unable to find any evidence that its

condition was such as should have been noticed by the officers of the city or its police, and there is no suggestion from any quarter that their attention had been called to it. The situation was one common to all cities in a northern climate and to all sidewalks in such cities. A sidewalk, difficult it may be of passage, but if so, from the ordinary action of the elements only, and from a formation of ice which no body of men are competent to prevent, nor under any ordinary circumstances to remove. Something more than a slippery sidewalk must be shown to enable one suffering from it to cast the burden of compensation upon the city. Nothing more appears here, and, we think, the motion of the defendant for a dismissal of the complaint should have been granted.

The judgment appealed from, therefore, should be reversed, and a new trial granted, with costs to abide the event.

All concur, except PECKHAM, J., not sitting.

Judgment reversed.