48  363
121a 666

48  363
4ap221

48  363
32ap244

48  363
39ap142

WILLIAM A. FOX, RESPONDENT, *v.* THE VILLAGE OF FORT EDWARD, APPELLANT.

*Incorporation of a village — a recital of the fact, in an act enlarging its powers, estab-*
*lishes its incorporation as against itself — liability of villages created by special char-*
*ters for a failure to remove snow and ice from sidewalks — chap.* 308 *of* 1884 — *the*
*question of the plaintiff's contributory negligence in passing over the ice should be*
*left to the jury — he may state his reasons for doing so.*

Upon the trial of this action, brought to recover for injuries sustained by the plaint-
iff in consequence of falling on the ice upon the sidewalk in Main street, in the
village of Fort Edward, the defendant claimed that, as it was not shown under
what act the defendant was incorporated, it did not appear that any duty was
imposed upon it to keep its sidewalks in a reasonably safe condition, when the
obstruction was caused by snow and ice.

Chapter 80 of 1859, entitled "An act to enlarge the bounds of the village of Fort
Edward, make the same a separate road district, and conferring additional
powers upon the trustees and taxable inhabitants of said village," speaks of
the village as heretofore incorporated under the act entitled "An act to provide
for the incorporation of villages," passed December 7, 1847.

*Held,* that this act, with the admission, in the defendant's answer, of an allegation
of the complaint that the defendant was a municipal corporation duly incorpo-
rated under the laws of this State, showed that the village was incorporated
under the general act of 1847, and that additional corporate powers were con-
ferred upon it by the act of 1859.

That, as the village, under the provisions of the act of 1859, had a special charter,.
chapter 308 of 1884 conferred upon its trustees and officers the same powers as.

are prescribed in any general act for the incorporation of villages, and imposed upon it the same liability for injuries, caused by its neglect to keep its sidewalks reasonably safe for public travel, as is imposed upon villages incorporated under the general village act of 1870.

The sidewalk where the plaintiff fell was so icy and rounded that the plaintiff as he passed along kept one hand, as much as he could, upon the pickets of a fence which extended along the front of the lot next to the walk, until he met a person coming in the opposite direction, when conceiving that the latter was entitled to keep the inside of the walk, he removed his hand from the fence and stepped to the right to let this person pass, and in so doing fell and received the injury of which he complains.

*Held*, that the court properly refused to charge " that, if immediately previous to and at the time he let go of the fence and stepped out, he knew there was ice there, and he also knew it when he entered upon the walk, he took the risk of passing and cannot recover."

Upon the cross-examination of the plaintiff he testified that he had walked in the street before the accident, and not on the sidewalk.

*Held*, that it was proper to allow him to state, upon direct-examination, that he returned to the sidewalk because he had seen a foot-passenger in the street knocked down by a passing team.

APPEAL from a judgment in favor of the plaintiff entered upon a verdict for $4,000 at the Washington Circuit, also from the order denying a motion for a new trial made upon the minutes of the court.

The action was brought to recover for injuries sustained by the plaintiff in consequence of falling on the ice upon the sidewalk in Main street in the village of Fort Edward on the 23d of January, 1885. The evidence tended to show that the sidewalk at the place in question was and had been for many days previous to the accident in a very dangerous condition.

*L. H. Northup*, for the appellant.

*J. S. L'Amoreaux*, for the respondent.

LANDON, J.:

We think the verdict in this case is sufficiently supported by the evidence.

It is objected that it was not shown under what act the defendant was incorporated, and therefore it was not shown that its incorporation imposed upon it any duty to keep its sidewalks in a reasonably safe condition for the public travel, when the obstruction is caused by snow and ice. The complaint alleged that the defendant " is a

municipal corporation duly incorporated under the laws of this State, and was at the times hereinafter mentioned." This allegation is admitted by the answer. Chapter 80 of the Laws of 1859 is entitled "An act to enlarge the bounds of the village of Fort Edward, make the same a separate road district, and conferring additional powers upon the trustees and taxable inhabitants of said village." That act speaks of the village of Fort Edward " as heretofore incorporated under the act entitled 'An act to provide for the incorporation of villages,' passed December 7, 1847." This is a. legislative declaration of the incorporation ·of the village, and the act extends its territorial limits and confers upon it additional . powers. The recitals in a legislative act are evidence against the· party in whose favor the act was passed. (*Duncan* v. *Duboys*, 3. Johns. Cases, 125.) This act, in connection with the admission of the answer, shows that the village was incorporated under the general act of 1847, and that additional corporate powers were conferred upon it by the act of 1859. The provisions of the act of 1847 were declared inapplicable so far as inconsistent with the act of 1859. After 1859 the village was incorporated under the act of 1847, as modified by the special act of 1859. The village, therefore, had a charter peculiar to itself, that is a special charter. If, as defendant alleges, it never thereafter became incorporated under the general act for the incorporation of villages, chapter 291, Laws 1870, then chapter 308 of the Laws of 1884, would apply to it. This act provides : That " the trustees and officers of any village in this State created by special charter, shall have and possess the same powers as are prescribed in any general act for the incorporation of villages within this State, except as such special charter may be in conflict with any provision or provisions of said general acts."

The defendant claims that it had no funds to pay for clearing snow and ice from sidewalks, and no power to raise any, since in this respect it was limited to ·the funds for the purposes specified in section 28 of the act of 1847 (chap. 426), and that clearing snow and ice from sidewalks is not one of them. This section also provides that " the persons entitled to vote to raise taxes in such village may, by resolution, direct the trustees to cause to be raised by a general tax * * * taxes for the following purposes, and for no other." The defendant thereupon contends that the act of 1884 does not apply,

since this provision denying power to "the persons entitled to vote to raise taxes," to direct them to be raised for any other purposes, is in conflict with the provisions of the general village act of 1870, conferring power for purposes of keeping sidewalks free from snow and ice, and hence the trustees are still without power.

But the power denied to the persons entitled under the act of 1847 to vote to raise taxes is not in conflict with the power given to the trustees independently of the resolution of the voters, and hence the act of 1884 does apply to the village of Fort Edward, and hence also the village is subject to the same liability for injuries caused by its neglect to keep its sidewalks reasonably safe for public travel as is imposed upon villages incorporated under the general village act of 1870. This conclusion disposes of many of the grounds of error urged by the defendant.

The sidewalk where the plaintiff fell was so icy and rounded that the plaintiff, as he passed along, kept one hand as much as he could upon the pickets of a fence, which extended along the front of the lot next the walk. He knew it was dangerous, but he met a person coming in the opposite direction and, as he conceived, this person was entitled to keep the inside of the walk, the plaintiff removed his hand from the fence and stepped to his right to let this person pass, and upon his first step to the right he fell and received the injury of which he complains.

The court was asked by defendant to charge "that if immediately previous to and at the time he let go of the fence and stepped out, he knew there was ice there, and he also knew it when he entered upon the walk, he took the risk of passing and cannot recover."

We think this request was properly refused. It implied that the act of the plaintiff in going upon the walk at all, or letting go of the fence to let another pass him, was wholly inexcusable under any aspect of the case presented by the evidence. At best, all the defendant could rightly claim was that the jury should consider and decide whether the plaintiff's act was negligence or not. Two persons could not pass each other without one or the other taking his hand off the fence and getting out of the other's way. This sidewalk was certainly in a very unsafe condition and had been for a long time.

We see nothing in the case of *Taylor* v. *The City of Yonkers* (105 N. Y., 202) at variance with the recovery in this case.

The plaintiff, upon cross-examination as a witness, testified that he had walked in the street before the accident and not on the sidewalk. It was proper for him, upon direct examination, to show why he returned to the sidewalk, lest it should be urged against him that he had voluntarily incurred a danger which he had previously taken pains to avoid  He returned to the sidewalk because he had seen a foot-passenger in the street knocked down by a passing team. It was undoubtedly proper for the jury to decide whether he was negligent in his choice between two dangers.

We think the judgment should be affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment and order affirmed, with costs.