ALIDA TOBEY, AS ADMINISTRATRIX, ETC., OF SILAS W. TOBEY, DECEASED, RESPONDENT, *v.* THE CITY OF HUDSON, APPELLANT.

*Defects in a street by reason of ice — if the old defect be covered, by ice recently formed, a party injured thereon cannot recover against the city.*

'The evidence in this case tended to show that the plaintiff's intestate fell on old ice rounded up in the center, frozen "swash like;" depth two to two and one-half inches; rain and snow frozen together; a big chunk of ice, probably two feet long and six inches wide; and there was a conflict of evidence as to whether, on the day of the accident, there had been a fall of snow, sleet and rain, which had frozen and made the sidewalk generally slippery,

'The defendant asked the court to charge that if the jury believed that.the sidewalks of the city were made generally slippery the evening of the accident by reason of a fall of sleet or snow that day, so that the sidewalk in front of Gray's would have been slippery without regard to the ice previously formed, the defendant was not liable and the verdict must be for the defendant, which charge the court declined to make.

*Held*, error; that if there had been an old obstruction on the street of sand or ice or snow, and if there were then a fall of sleet or rain which froze and made everything slippery that it covered, including the old obstruction, then, if a person slipped on the old obstruction covered with a newly-formed coating of ice, the defendant, the city, would not be liable in damages; that, in such case, it could not be assumed that the person's fall was caused by the old obstruction, without which evidence on the part of the plaintiff he would not be entitled to recover.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Columbia Circuit for $2,000.

The action was brought by the plaintiff, as administratrix, to recover damages for the death of her intestate, Silas W. Tobey, occasioned by falling on a slippery sidewalk in the city of Hudson,

the defendant, in March, 1884, which sidewalk, it was alleged, the defendant had negligently permitted to be and remain in a dangerous condition · by reason of ice and snow, at the time of the accident and for a long time prior thereto.

*J. Ryder Cady*, for the appellant.

*Willard Peck* and *R. E. Andrews*, for the respondent.

LEARNED, P. J. :

The principal questions raised in this case are whether the verdict was against the weight of evidence on the question of defendant's negligence, and whether there were errors in the charge.

It is not to be questioned that a city may be liable for injuries occasioned by an accumulation of ice upon its sidewalks. So it is said in *Kinney* v. *Troy* (108 N. Y., 567), on the authority of *Todd* v. *Troy* (61 N. Y., 506). Such, too, was the doctrine of *Pomfrey* v. *Saratoga* (104 N. Y., 459), and of *Elgie* v. *Troy* (109 N. Y., 635 ; affirming 37 Hun, 641). But in the *Kinney Case* the court seems to use the word "accumulation" as meaning a ridge or unevenness. For they say that, as the ice was all in one sheet, the plaintiff should have been nonsuited.

In *Kaveny* v. *Troy* (108 N. Y., 571), decided at the same term, the court were not willing to say whether the *Todd Case* should be followed to its full extent. And they remarked that snow could be removed without serious difficulty, but that ice from the drip of a roof was a different matter; that in severe winters it was difficult to remove it. And having shown that the plaintiff might have fallen on ice formed by the drip of the roof, they held that it was not reasonable that the city should be required to remove it, and that the city was not liable. They also held that the freezing of the night and next day before the accident could not have failed to form a new coating of ice. That this must have made a new coating over the ice which had been formed by the drip; that the city was not bound to remove that new coating; that the accident might have come from this natural cause, and plaintiff should have been nonsuited on that ground also. In *Taylor* v. *Yonkers* (105 N. Y., 202), sand and gravel had lain on the sidewalk, which fact tended to show negligence. On the night before the accident rain fell and

froze, and the whole city was slippery. The plaintiff fell on the sloping ice which had formed on the sand and gravel. The court held the city not liable, because it was just as possible that plaintiff would have slipped if the place had been level.

So far as can be ascertained, these cases show the present condition of the doctrine as to icy sidewalks. And we may also notice that in the case first cited the court said : " Something more than a slippery sidewalk must be shown." Now, inasmuch as there has never been any question that notice (or implied notice, so-called) must be shown, the remark of the court did not apply to the necessity of showing notice. The court must have meant that the city, even with notice, would not be liable merely on the ground that the sidewalk was slippery.

Why a city should be liable for damage caused by a ridge of ice, and not for that caused by a smooth piece of ice, we do not attempt to explain. But it seems to us quite evident, from these recent cases, that the Court of Appeals have seen that the logical deduction from earlier decisions was such that some distinction must be made to save cities from an intolerable liability—a necessity suggested by this court in *Foley* v. *Troy* (45 Hun, 396). There was evidence in this case tending to show that the deceased fell on old ice, rounded up in the center, frozen "swash like;" depth two to two and one-half inches; rain and snow frozen together; a big chunk of ice, probably two feet long and six inches wide. These are expressions used by witnesses. There is evidence that this ridge had been there several days There is a conflict of evidence on the question whether, on the day of the accident, there had been a fall of snow, sleet and rain which had frozen, and had made the sidewalks generally slippery.

In view of this evidence, the defendant asked the court to charge that if the jury believe that the sidewalks of the city were made generally slippery that evening of the accident by reason of a fall of sleet or snow that day, so that the sidewalk front of Gray's would have been slippery without regard to the ice previously formed, the defendant was not liable and the verdict must be for the defendant. The court declined so to charge but left it to the jury.

Now in the *Taylor Case* and in the *Kaveny Case*, we understand the Court of Appeals to hold substantially this : That if there has

been an old obstruction, be it of sand or ice or snow, and if then there be a fall of sleet or rain which freezes and makes everything slippery that it covers, including the old obstruction, and then if a person slips on the old obstruction, now covered with the newly formed coating of ice, it cannot be said that the city was bound to remove this new coating. And also in such a case it is not right to assume that the person's fall was caused by the old obstruction, even though that was a possibly concurring cause. That the plaintiff must fail if he does not show that the accident was due to that cause, for which defendant was responsible. (*Searles* v. *Manhattan Ry. Co.,* 101 N. Y., 661.)

It seems to us that this request of the defendant was directed to the proposition thus established by the courts. And that the refusal to charge this and the leaving the matter to the jury justified them in finding a verdict for the plaintiff, even if they were satisfied from the evidence that Gray's sidewalk would have been slippery owing to the sleet which fell that day, and without regard to the ice previously formed. We refer to the discussion in the opinion in the *Taylor Case* at pages 208, 209.

Here, we think, there was error which may have prejudiced the defendant. The error is quite natural. For in the *Todd Case* there had been a recent fall of snow, although it does not appear that that fall had occasioned a general slipperiness. And the remarks of the court in the *Kaveny Case* seem to indicate a willingness to limit the doctrine supposed to be established in the *Todd Case.* We have already, as above remarked, expressed the view that some limitation was becoming desirable. It seems to us that by the refusal to charge as requested the jury might have found that, without regard to the ice previously formed, the sidewalk might. have been slippery, and that if it was thus slippery, and the deceased. fell by reason of such slipperiness, the city might be liable. Here,. it seems to us, comes in the distinction drawn by the Court of Appeals in the cases cited.

Supposing that there had been prior to the day of the accident a "chunk" or ridge of snow and ice. If on that day sleet fell covering that ridge and the rest of the sidewalks in the city with a slippery coating, how can it be determined that the ridge had any-

thing to do with the fall of the deceased? As the court said in the *Taylor Case*, "it is quite possible that the slope of the walk had something to do with it. It is equally possible that it did not."

If the sleet of that day covered over the old ridge, then it may have been immaterial, as to the accident, whether that ridge was of a slippery material like ice or of a material not slippery like sand. As it was covered with a coating of ice, one who slipped would slip on that ice. And that coating of ice was a recent deposit for the failure to remove which the city could not be liable. If the jury had believed that by that fall of sleet that day the sidewalks, including that in front of Gray's, were made generally slippery, that slipperiness would have been "a sufficient certain and operating cause of the fall."

There are some other requests bearing on the same general matter which perhaps these recent decisions required the court to charge. But it is unnecessary to discuss them. Since we think that the *Taylor Case* and the *Kaveny Case* made it the right of the defendant to have the charge given which we have discussed.

The judgment and order should be reversed, new trial granted, costs to abide event.

LANDON, J., concurred; INGALLS, J., not acting.

Judgment reversed, new trial granted, costs to abide event.