Learned, P. J.
At the place where plaintiff fell it had been icy for two or rthree weeks. The cause (as stated by a witness) was- that there had been a thaw, and, instead of the ditch or gutter being open to allow the water to run ¡there, it had run over the sidewalk. According to one witness it rained two .nights before the day of the accident, and froze very hard after the rain. It was very slippery on the sidewalk, and the sidewalks were about the same all •over the village. According to the records of the signal service, it rained and snowed five days before the day of the accident, and not afterwards, but continued cold. There seems to be no proof that the ditch or gutter was out of ■ order. Probably the witness means that it was filled up by the ice. Proof was given that there were no ashes or proper materials put on the ice to pre"vent slipping, but the village was not bound to sprinkle sand or ashes on the ¡sidewalk. Taylor v. Yonkers, 105 N. Y. 206, 11N. E. Rep. 642. Therefore '.there was no negligence in that respect. Something more than a slippery ¡sidewalk must be shown to make the village liable. Kaveny v. Troy, 108 N. Y. 571, 15 N. E. Rep. 726. That statement by the court of appeals does not .mean simply that the city must have had notice; because the court is speaking of the condition of the sidewalk, not of notice of that condition. In the ¡.present case there seems to have been nothing special at the place of the ac•cident. There was ice there perhaps some two inches thick. So there was ice generally over the sidewalks of the village, caused by the rain and snow ■of some days previous,, and the subsequent cold; and, to show the village negligent, we should have to hold it to have been their duty in these five days to •.remove, or cause to be removed, all the ice from all the sidewalks in the village. Under the principles laid down by the court of appeals in the three late cases, those of Taylor, Kinney, [15 N. E. Rep. 728,] and Kaveny, we think that a cause of action was not made out against the village. We may notice also, the Muller Case, 32 Hun, 24, affirmed 105 N. Y. 668. The plaintiff should *77 have been non-suited. Judgment reversed, new trial granted, costs to abide-event.
Landon, J., concurs.