By the Court.—Sedgwick, Ch. J.
The complaint charged, that the horse of plaintiff slipped and fell upon an iron plate or covering over a gutter, across a certain street and that the slipping was caused “ by reason of *306 the dangerous, negligent and unskillful construction and maintenance by the defendant of the said iron plate or covering,” etc.
Upon the trial there was testimony upon which the jury could have found, that the iron' covering, when it was first placed over the gutter, was rough on its surface and furnished a safe foot-place for horses, and since then the roughness had been worn off until its surface was so smooth that it did not furnish a safe foot-place for horses, and was dangerous to horses stepping upon it on all occasions and especially if it were wet and muddy.
On the trial the defendant’s counsel moved for a dismissal of the complaint on the ground that the city cannot be held to liability for an exercise of its judgment and discretion in selecting particular material for a covering of a gutter across a street, and Urquhart v. Ogdensburg, 91 N. Y. 71, was cited to support the motion.
It might be doubted if, in the first instance, the covering was beyond doubt likely to be dangerous and unfit for travel upon it, whether a selection of it would be a use of discretion rather than an abuse of discretion. If this doubt were not valid, the case cited, and others which follow it, declare it to be the duty of a corporation to keep in repair or good order, whatever it has once competently devised and selected. It was therefore for the jury in this case to find whether or not the city had negligently suffered the iron plate which was in the first place safe to become smooth and unsafe, without replacing it with a fresh plate or in some way preventing the place in the street remaining in a dangerous state.
It may be suggested, that if the slipperiness was because of the wet and mud upon the covering of the gutter and therefore the result of causes for which the city was not responsible, Kinney v. The City of Troy, 108 N. Y. 567; Kaveny v. The City of Troy, 108 *307 N. Y. 571, the plaintiff should not recover. In the present case, it was for the jury to say whether the slipperiness resulted from the wet and mud, only, or from the smoothness of the covering, with the wet and mud upon it. If the latter were the cause, and the city negligent in respect of that, then the defendant would not be entitled to a dismissal of the complaint. On the trial the defendant did not ask that the jury should pass upon the matter.
The learned counsel for the city, urges that the cause of action alleged in the complaint did not include a case of the city negligently suffering the plate to get out of repair or out of order. On the trial, no specific allusion was made to the testimony as not supporting the complaint as it was framed. The objections were taken to the sufficiency of the proof to sustain a cause of action, and the proof did sustain the allegation of the complaint that the defendant “ negligently maintained ” the street in the respect specifically averred.
The court refused to allow the question asked for the defendant, of an officer of the Weather Bureau. “ Are you familiar with the effect upon a New York street of much traffic, that such a rain-fall would have ? The witness had testified that rain had fallen, of a described quantity, recently before the accident.
Several considerations support the ruling of the court, even if it be assumed that the witness was an expert, as to part of the subject of the question. The question was too general as relating to many streets in many and various conditions. As to parts of the effect of a rainfall, which are commonly observed, the witness was not an expert.
Before the charge to the jury, the counsel for defendant made six requests to charge. In the charge the ■court complied with the 1st and 6th requests and said, “The other requests I refuse to charge.” There was an exception to that refusal. The court in the charge as made, had correctly referred to some parts of the *308 requests it refused to make, and had made it unnecessary to charge other parts by the way in which it described the legal liability of the defendant. The exception therefore was too general, as there was no specification of any particular omission by the court.
The judgment and order should be affirmed with costs.
Freedman and Ingraham, JJ., concurred.