*James Armstrong,* for appellant. *Raymond L. Smith,* for respondent.

HARDIN, P. J. 1. The case and exceptions before us contain no evidence that the referee has settled the case as required by rule 32. The appeal-book contains a printed form in respect to a settlement of the case, but the same is not signed by the referee. Rule 35 provides: "No case or exceptions to be annexed to the judgment roll shall hereafter be filed with the clerk of the court, unless the same is so ordered by the judge or referee who tried the cause."

2. The appeal papers do not contain a certificate of the county clerk, as required by section 1353 of the Code of Civil Procedure. The observance of the rule laid down in that section is regarded as important. *Lewisohn* v. *Niederwiesen,* 40 Hun, 545. In the case just cited the court observed: "We refrain from any consideration of the merits, and send the case back to be properly certified. The observance of the duty imposed by section 1353 is regarded as extremely important. The object of the section is undoubtedly for the purpose of securing the presentation to the appellate court for the entire proceedings sought to be reviewed. Case sent back to be properly certified." Case sent back for such action or proceeding as counsel may deem advisable. All concur.

---

### KEANE *v.* VILLAGE OF WATERFORD.

*(Supreme Court, General Term, Third Department. February 4, 1890.)*

**1. MUNICIPAL CORPORATIONS—NEGLIGENCE—ICY SIDEWALKS.**

In an action against a village for injuries sustained by falling on an icy sidewalk, there was evidence that the walk was entirely covered with ice, which was the thickest under the eaves of a hotel piazza, which projected over the walk, where it formed a ridge, on which plaintiff fell; that on the fourth day preceding the accident snow fell to the depth of nearly 8 inches; and that during these four days the thermometer ranged from 35 to 13. *Held,* that whether defendant was negligent in failing to remove the ridge was a question for the jury.

**2. SAME—INSTRUCTIONS.**

The court charged that if the accumulation resulted from the drips from the eaves plaintiff could not recover, but that if it resulted from an accumulation of snow the jury might find there was negligence on the part of defendant. *Held,* that defendant was not prejudiced by the refusal of an instruction that if the jury were unable to determine whether the ridge was caused by drippings from the eaves, or by snow which had been allowed to accumulate, plaintiff could not recover.

Appeal from circuit court, Saratoga county.

The action was to recover damages for injuries resulting from plaintiff's fall upon an icy sidewalk in the village of Waterford. The plaintiff was walking upon the sidewalk on the north side of Broad street, about 7 o'clock in the evening, when she suddenly slipped upon the ice, fell, and received serious injuries. The place where she fell was in front of a hotel kept by one Worthington. The floor of the piazza of the hotel projected over the sidewalk four feet, and the eaves of the roof of the piazza projected eight to ten inches further than the floor. The sidewalk, from the piazza floor to the curbstone, was seven and a half feet wide. It was entirely covered with ice, but under the eaves of the roof of the piazza, and about a foot from the edge of the piazza floor, the ice was the thickest, and from there sloped down to the

curb-stone, where the ice was thinner; the thickest part forming a ridge, upon which plaintiff fell. The testimony tended to show that on January 19th snow fell to the depth of nearly eight inches, none on the 20th, two-tenths of an inch on the 21st, one-tenth on the 22d, and none on the 23d, the day of the injury. The thermometer ranged from 30 to 13 on the 19th, and during the following days was below the freezing point, except on the 21st, when its minimum was 26 and the maximum 35, and on the 22d, when its minimum was 23 and its maximum 35. On the day of the accident the minimum was 3, and the maximum 28. There was some testimony tending to show that the ridge was formed by the treading down of the snow; that it was glazed over by the rain, or by the drip from the piazza roof; that it was hard to remove it; and that the snow had been shoveled from both sides of it. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before LEARNED, P. J., and FISH and PUTNAM, JJ.

*N. C. Moak,* for appellant.    *J. F. Crawford,* for respondent.

LANDON, J.    We cannot say, as a matter of law, that the plaintiff was not entitled to recover. The court, in response to the various requests of the defendant, charged that the plaintiff could not recover if she slipped upon ice formed from water dripping from the melting snow on the piazza roof, or from snow or sleet which fell on the 21st, 22d, or 23d of January, or from new ice upon an old snow or ice ridge. The defendant made 27 requests. As we understand them, and the responses to them, the defendant was given the benefit of every aspect of the evidence which could, upon any construction of it, bring the case within the rules of exemption from liability declared in the *Taylor, Kinney, Kaveny, Tobey, Foley, Gram, Müller,* and other recent cases. 105 N. Y. 202, 11 N. E. Rep. 642; 108 N. Y. 567, 15 N. E. Rep. 728; 108 N. Y. 571, 15 N. E. Rep. 726; 2 N. Y. Supp. 180; 45 Hun, 396; 3 N. Y. Supp. 76; 32 Hun, 24, 105 N. Y. 668,*mem.* The recovery seems to be based upon the finding by the jury that the ridge in question was formed by the snow which fell on the 19th of January or earlier, and that the defendant was negligent in not causing it to be removed prior to the evening of the 23d of January. The defendant could wait a reasonable time for the hotel owner to remove the ridge, and its duty to remove it would not attach until that reasonable time had expired. Whether four full days, under the circumstances, would be a reasonable time during which the defendant could safely wait, was a question for the jury: *Kunz* v. *City of Troy,* 104 N. Y. 344, 10 N. E. Rep. 442.

The defendant's twenty-sixth request was "that if the jury are unable to determined whether this ridge was caused by dropping from the eaves or by snow which had been allowed to accumulate on the walk, plaintiff cannot recover. *The Court.* I charge, as I have charged, that if the accumulation resulted from the drips from the eaves, plaintiff cannot recover. If it resulted from an accumulation of snow on the walk, the jury might find that it was negligence on the part of the corporation." Defendant excepted to the refusal, and to the instruction. The language used by the court covered, in effect, the terms of the request; for if the jury could not hold the defendant responsible for the drip from the roof, and could only hold it responsible for negligence with respect to the snow, they were bound to find that the former did not, and that the latter did, cause the injury, in order to render a verdict against the defendant. Such instruction excluded the idea of confounding the two causes, and holding the defendant liable if they were unable to determine whether the injury resulted from one cause or the other. The court is not obliged to use the precise terms suggested by counsel. The jury must have understood that the plaintiff must fail unless the accident was due to the cause for which defendant was responsible, and this, plainly, uses the

rule which the defendant had in view.　　*Searles* v. *Railway Co.*, 101 N. Y. 661, 5 N. E. Rep. 66.

The defendant requested the court to charge "that there is no evidence that plaintiff's fall was not caused by ice which had formed and frozen on the side-walk on the 19th, 20th, 21st, and 22d of January, from snow and sleet which had fallen on the 19th, 21st, and 22d of January." The court refused, and defendant excepted. The refusal was proper, because the fact assumed was not entirely clear. The effect of the refusal was to leave the question to the jury. Judgment affirmed, with costs. All concur.