## WINNE v. CITY OF ALBANY.

*(Supreme Court, General Term, Third·Department.   July 11, 1891.)*

MUNICIPAL CORPORATIONS—ICY SIDEWALKS.

> In an action against a city for injuries caused by falling on a ridge of ice on defendant's sidewalk, it appeared that on the three days before the accident snow had fallen, after which the weather became very cold. The ridge of ice which caused plaintiff's fall was such as would be caused by the packing of moist snow by persons passing over it immediately after it had fallen, and before it could be removed, followed by freezing weather. *Held*, that there was no evidence of negligence on the part of defendant, and a nonsuit was properly granted.

Appeal from Albany county court.

Action by Elizabeth Winne against the city of Albany for personal injuries. A nonsuit was granted, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Julius F. Harris,* (*Eugene Burlingame,* of counsel,) for appellant.   *D. Cady Herrick,* (*John A. Delehanty,* of counsel,) for respondent.

LEARNED, P. J.   This is an appeal from a judgment of the county court, entered upon a nonsuit granted at the trial.   The action was to recover damages for injuries occasioned by falling upon a sidewalk said to be icy.   The court nonsuited on the ground of no negligence of defendant and of contributory negligence of plaintiff.   The plaintiff testifies that she slipped and fell on a ridge of hard snow in the middle of the sidewalk.   It is familiar to all who are acquainted with the climate prevailing in this part of the state that not unfrequently snow falls which is of such a degree of moisture that the passing over it of a few foot-passengers will pack it into a hard mass, adhering firmly to the sidewalk.   Thus very often, before there is time for the city to compel the removal of the recently fallen snow, there will be a hard ridge formed along the middle of the sidewalk.   Should the weather become severely cold, such a ridge is difficult to remove, so hard is it frozen to the pavement. It is evident from the testimony in this case that it was on such a ridge that the plaintiff slipped.   It appears from the testimony of the signal officer at Albany that from the 1st of January to the 19th the weather had been comparatively warm, generally above the freezing point.   There was some snow, and very little snow.   On the 20th there was about 2 inches of moist snow; on the 21st, 7.6 inches; and more after that up to the 23d, the day of the accident.   On the 19th the minimum temperature was 13 deg.; the 20th, 7 deg.; the 21st, 20 deg.; the 22d, 14.5 deg.   Thus it will be seen that the snow on which plaintiff fell must have been that which commenced on the 20th and ended on the 21st, and that the fall of temperature tended to produce that hard and adhering ridge of snow, such as has been previously spoken of,—a ridge almost sure to be caused by persons passing early in the morning, before the housekeepers can cause the snow to be shoveled off, and certainly before the city can enforce its regulations in this respect.   It was about 9 o'clock in the morning of the 23d that the plaintiff, who lived on the south side of Jay street, started to go down that street.   She had reached No. 1 on that street, about the corner of the house, and there were children riding (that is on sleds) down the hill.   She turned back and saw them, and stepped one side to get out of their way; slipped on this ridge of ice and snow, as she describes it, and fell.   The ridge, as she says, was packed down by the people traveling on it, and by its then thawing and freezing.   One witness states that this ridge had been there three or four weeks.   But it is evident that his recollection of the snow-storms is at fault, as he says there had been three storms of several inches each time during that month; for the accurate statements of the signal service officer show that there was no snow on the ground at the end of December, and that up to the 19th of January scarcely any had fallen. Without going over the testimony of the officer in detail, it is enough to state

these results, showing that it must have been the snow which began Sunday, January 20th, at about 5 P. M., that caused this ridge. There could then have been only Monday and Tuesday intervening between the beginning of the storm and the accident. The recent decisions of the court of appeals in cases of this kind, notably the *Taylor Case*, 105 N. Y. 202, 11 N. E. Rep. 642; the *Kinney Case*, 108 N. Y. 567, 15 N. E. Rep. 728, and the *Kaveny Case*, 108 N. Y. 571, 15 N. E. Rep. 726,—have laid down principles somewhat more rigid than those which existed, or were believed to exist, before, and have checked the practice which had prevailed of holding cities liable whenever a foot-passenger slipped on an icy sidewalk. These decisions are again sustained in *Harrington* v. *City of Buffalo*, 121 N. Y. 147, 24 N. E. Rep. 186. It appears to us that the law as laid down in these cases forbade a recovery in this case. It can be of no special use to repeat the language of the court of appeals in these and similar cases. All that we need say is that, in our opinion, the facts in this case, as we have briefly stated them, show that under these decisions the city was not shown to have been guilty of any negligence; for it must be borne in mind that the city is not liable merely because a person falls. It is liable only when it is shown positively to have neglected some duty. And in considering the question of duty we must remember that snow falls and is trodden upon on every sidewalk, and that the city cannot be expected to discover instantly every spot were a passenger, turning to look at boys, might fall. Judgment affirmed, with costs.

All concur.