ANTHONY v. VILLAGE OF GLENS FALLS.

(Supreme Court, General Term, Third Department. April 14, 1896.)

MUNICIPAL CORPORATIONS—NEGLIGENCE—ICY SIDEWALKS.

A city is not liable for injuries to a pedestrian resulting from a fall caused by a smooth coating of ice upon its sidewalks, caused by the low temperature, in consequence of which the walks had become slippery, where there is no ridge, unevenness, or unusual condition of the walk, and there is no other showing of negligence, except that the ice had remained upon the walk for two weeks.

Appeal from circuit court, Warren county.

Action by Lula Anthony, by Jacob Anthony, guardian ad litem, against the village of Glens Falls. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James H. Bain, for appellant.

Potter & Kellogg (J. A. Kellogg, of counsel), for respondent.

PUTNAM, J. The plaintiff recovered a judgment in the court below for injuries sustained by her in consequence of falling on a sidewalk in one of the streets of the village of Glens Falls. The negligence attributed to the defendant was in allowing a strip of ice on such street to remain in a dangerous condition for several weeks before and up to the time of the accident. The sidewalk, at the place where the plaintiff fell, was about eight feet wide, paved

with stone and brick, and in good condition. The snow had been kept shoveled from it during the winter, and the stone portion, at the time of the accident, was free from ice and snow. But on the brick or outer part of the walk there was a thin, smooth coating of ice. At the place of the accident there was no ridge, unevenness, accumulation of ice or snow, or obstruction. There was simply a thin coat of ice, about two feet wide and several feet long. At the time many of the streets of the village were more or less in the same condition. We think the trial court properly submitted to the jury the questions raised as to the contributory negligence of the plaintiff, and whether the condition of the walk at the place in question had continued for a long-enough period to charge the defendant with notice thereof. Hence the only question requiring consideration is whether negligence could be attributed to the corporation for failing to remove the strip of ice in question. In Kinney v. City of Troy, 108 N. Y. 567, 15 N. E. 728, the action was brought to recover damages resulting from a fall on one of the defendant's streets, on which ice had formed. The court held (we quote from the syllabus):

"A city is not bound to keep its sidewalks absolutely free from ice, and while it may be liable to a traveler for injuries caused by an accumulation of ice rendering a sidewalk unsafe, where the circumstances are such as to charge defendant with neglect of duty, to impose such liability something more must be shown than the simple fact that there was ice upon the sidewalk, rendering it slippery."

In the case under consideration no fact was shown indicating negligence on the part of the corporation, except that there was ice on the sidewalk; and, under the doctrine thus laid down by the court of appeals, the plaintiff failed to show any omission of duty on the part of the defendant. In Kaveny v. City of Troy, 108 N. Y. 571, 15 N. E. 726, it was shown that the sidewalk, at the place where the accident occurred, was made slippery by water dripping from the eaves of a building and freezing. The court of appeals held that the city was not compelled to remove the ice so formed, nor to exercise unreasonable, persistent, or extraordinary diligence, during freezing weather, to remove ice formed from natural causes. In the opinion of Judge Finch the following language is used: "Something more than the presence of ice, due to the results of a low winter temperature, must be shown, to make the city chargeable with negligence." In Gram v. Village of Greenbush (Sup.) 3 N. Y. Supp. 76, the general term of the Third department made a similar decision. In Harrington v. City of Buffalo, 121 N. Y. 147, 24 N. E. 186, the action was brought to recover damages for an injury occasioned by ice which was allowed to remain on one of the sidewalks of the defendant. There was evidence showing that the walk, at the place where the accident occurred, was covered with ice. The court held that the city was not liable; that the proof did not show that there was an unusual or dangerous obstruction to travel, arising from snow or ice on the sidewalk. And for this reason, as well as upon the ground of want of notice to the city of the condition of the street, the judgment was reversed. See, also,

Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642. We think the principle may be deemed established by the authorities, that a municipal corporation is not liable for an injury resulting from a smooth coating of ice on its sidewalks during the winter season, where there is no ridge, unevenness, or unusual condition of the walk, and where, as in this case, no fact is shown indicating negligence on the part of the municipal authorities, except a mere slippery walk, caused by a low temperature, in consequence of which all the streets within the municipality have become coated with ice. In this climate it is not within the power of a municipal corporation to prevent such a condition of its streets. In Fox v. Village of Ft. Edward, 48 Hun, 363, 1 N. Y. Supp. 81, the same general term which shortly afterwards passed upon the case of Gramm v. Village of Greenbush, supra, sustained a recovery for the plaintiff, but it was shown that there was an unusual condition and accumulation of ice. In each of the cases of Todd v. City of Troy, 61 N. Y. 506; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43; Keane v. Village of Waterford, 130 N. Y. 188, 29 N. E. 130; and Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780,—where a municipal corporation has been held liable for injuries received by an individual in consequence of ice being allowed to remain on its sidewalks, it was shown that there was a ridge or accumulation of snow or ice forming an obstruction in the street.

We conclude that the trial court should have granted the motion of the defendant, made at the close of the evidence, to dismiss the complaint. The judgment should be reversed, and a new trial granted; costs to abide the event.

PARKER, P. J., and LANDON, J., concur. HERRICK and MERWIN, JJ., concur in result.