### BUCK v. VILLAGE OF GLENS FALLS.

(Supreme Court, Appellate Division, Third Department.   April 14, 1896.)

MUNICIPAL CORPORATIONS—ICY SIDEWALK—NEGLIGENCE.

   In an action against a village for injuries caused by falling on an icy sidewalk, the evidence showed that the ice was the result of rain six days previous, followed by mild weather for three days and by freezing weather during the two days previous to the accident; that it consisted of a thin coating; that sand had been sprinkled on the slippery portion of the walk on the day of the accident; and that children had been sliding at or near the place where the accident occurred.   Held, that negligence by defendant was not shown.

Appeal from circuit court, Warren county.

Action by Laura M. Buck against the village of Glens Falls for personal injuries resulting from a fall on an icy sidewalk.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion made on the minutes for a new trial, defendant appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

James H. Bain, for appellant.

Lyman Jenkins, for respondent.

MERWIN, J.   On the 16th January, 1895, at about 20 minutes past 9 in the evening, the plaintiff, while passing along the sidewalk in front of the residence of one Byrnes on Glen street, in the village of Glens Falls, slipped upon an icy surface and fell, receiving injuries for which she seeks in this action to recover damages.   She claims that the defendant was negligent in allowing the sidewalk to remain in a slippery condition, and the recovery is on that basis. The walk was constructed of blue stone and brick, the blue stone being in the central part, and five feet wide.   Brick was laid between the stone and the line of the lot, a space about two feet wide.   There was a stone walk from the sidewalk to the residence of Mr. Byrnes. The lot, except at the gateway, was separated from the sidewalk by a coping about six inches high.   The plaintiff testified that as she passed along the center of the walk she saw, at the side, near the coping, what appeared to her like bare sidewalk, but instead of that it was glare ice, and as soon as she stepped on it she slipped and fell; that she was about two feet from the walk that led to the house of Mr. Byrnes; that she went that way on purpose, because she

thought it was bare walk, and knew the walking was treacherous; that she could see the red color of the brick through the ice for five or six feet back of where she fell; that there was some snow and ice on the center of the stone walk that she was walking along. Mr. Clements, a witness for plaintiff, testified that he was walking behind the plaintiff, and that as he went to pass her she slipped and fell; that it was glare ice where she fell; that, as he remembered it, it had been so at least a week; that children sliding on it called his attention to it, and it was a children's slide; that the slide was directly in front of the entrance to the walk leading to the house, and extended the full width of the opening, and was about 10 inches wide. Mr. Mosher, a witness for plaintiff, testified that he knew the condition that sidewalk was in at the time plaintiff fell and previous; that it was icy, snowing, and freezing, and the children were sliding from the house into the street; that the slide had been there, he thought, a week or 10 days, but he was uncertain as to the time, and it extended across the sidewalk into the street; that there was no thaw before that for a week or 10 days; "very icy, very rainy, very cold, and no thaw." A table giving the temperature from January 1st to 16th was by consent put in evidence. From this it appeared that on the 10th January there was a rainfall of one-fourth of an inch; that on the 11th, 12th, and 13th the weather in the middle of the day was some above freezing point, and on the 14th, 15th, and 16th was all the time below freezing point, except that at 1 p. m. on the 10th it was two degrees above freezing. At the place where plaintiff fell it was level, and there was no accumulation of snow. It is not shown how thick the ice was. If, as plaintiff testifies, the color of the brick was visible through the ice, it was not very thick. There was an electric light near the walk leading to the residence of Mr. Byrnes. It is very clear from the evidence that the ice upon the brick on the day of the 16th was the result of the rain on the 10th, followed by milder weather on the 11th, 12th, and 13th, and the freezing weather of the 14th, 15th, and 16th.

The fact simply that there was ice on the sidewalk, rendering it slippery, did not make the defendant liable. Kinney v. City of Troy, 108 N. Y. 567, 15 N. E. 728; Kaveny v. City of Troy, 108 N. Y. 571, 575, 15 N. E. 726. In Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, it is said at page 206, 105 N. Y., and page 642, 11 N. E.:

"When the streets have been wholly or partially cleaned, it often happens that a fall of rain or the melting of adjoining snow is suddenly followed by severe cold, which covers everything with a film or layer of ice, and makes the walks slippery and dangerous. This frozen surface it is practically impossible to remove until a thaw comes which remedies the evil. The municipality is not negligent for awaiting that result. It may and should require householders, when the danger is great, to sprinkle upon the surface ashes or sand or the like, as a measure of prudence and precaution; but is not responsible for their omission. It is no more bound to put upon the ice, which it cannot reasonably remove, such foreign material, than to cover it with boards. The emergency is one which is common to every street in the village or city, and which the corporation is powerless to combat. Usually it lasts but a few days, and the corporate authorities may await without negligence a change of temperature which will remove the danger."

The question is whether the doctrine of the Taylor Case does not apply here? There was a thin coating of ice on the brick walk that arose from natural causes, operative in all similar localities. It was shown on the part of the defendant, and not denied by the plaintiff, that upon the day of the accident, or the day before, sand had been sprinkled upon the slippery portion of the walk by the owner of the lot or his hired man. The counsel for plaintiff cites the case of Keane v. Village of Waterford (Sup.) 8 N. Y. Supp. 790, affirmed in 130 N. Y. 188, 29 N. E. 130. In that case the fall of the plaintiff was caused by a ridge of snow and ice which extended along the center of the walk, and was five or six inches high. The situation was materially different from the case in hand. There was here no such accumulation of ice and snow. The doctrine of the Taylor Case was not criticised. It was approved in Harrington v. City of Buffalo, 121 N. Y. 147, 151, 24 N. E. 186. It is argued that in the present case the slippery condition was due to artificial causes, in that children were accustomed to slide there. One of the witnesses places the slide from the house to the sidewalk and across it into the street. The other witness places it as going in the other direction along the sidewalk in front of the walk to the house. Evidently the children did not confine themselves to one spot. We fail to find in this case any such artificial causes as will take the case from the operation of the rule in the Taylor Case. We are of the opinion that the doctrine of the Taylor Case is applicable, and that it should be held that the plaintiff did not make out against the defendant a case of negligence. A reversal must follow. All concur.

Judgment and order reversed, and new trial ordered, with costs to abide the event.