### RODRIGUES v. PRESIDENT, ETC., OF VILLAGE OF OSSINING.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

MUNICIPAL CORPORATIONS—TORTS—DEFECTS IN SIDEWALKS—NEGLIGENCE—EVIDENCE.

In an action for personal injuries, evidence that the plaintiff slipped on a sloping stone in the sidewalk by reason of a light coating of snow, and caught her foot in the next stone projecting up about half an inch, was insufficient to show negligence in the maintenance of the sidewalk.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1739.]

Appeal from Westchester County Court.

Action by Albertina Rodrigues against the president and trustees of the village of Ossining. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

Frank L. Young, for appellants.
Pierre Reynolds, for respondent.

HOOKER, J.   The plaintiff, a woman of 71 years of age, has re-
covered a verdict against the defendants for injuries she sustained be-
cause of the alleged negligent maintenance by defendants of a sidewalk
in Spring street in the village of Ossining.   At the time of the accident
there were two grades within one block on that street; the sidewalk
along the south side of the block being of a higher grade than that
along the north end.   These two grades were connected by a sloping
flagstone 2 feet 6 inches long in the direction of the length of the street;
the north end of the stone being 2½ inches below the south end.   The flag-
stone on the lower grade next adjoining the sloping stone on the north
was raised above the latter, so that the south end of that flagstone pro-
truded upwards at the joint with the sloping stone one-half of an inch.
At about 8 o'clock in the evening the plaintiff, walking northerly, ap-
proached this sloping stone.   She wore rubber shoes and carried an
umbrella.   The sidewalk was covered with snow, from a sixteenth to
an eighth of an inch in thickness, that had fallen during the day.   The
place was not well lighted.

That branch of the case which dealt with the plaintiff's contributory
negligence was correctly submitted to the jury, and with their verdict
we may not interfere, so far as that question is concerned.   The con-
structive notice to the defendants was amply shown.   But we feel that
the verdict is not to be sustained upon the question of the defendants'
negligence.   At the close of the plaintiff's case the defendants moved
for a nonsuit, on the ground that the evidence failed to establish any
negligence on their part, and an exception was taken to its denial.   The
motion was renewed at the close of all the evidence.   It was denied,
and defendants excepted.

There seemed to be no controversy at the trial that the mere fact
that the snow existed on the sidewalk, by which it was made slippery,
did not render the defendants liable.   Although there was evidence in
the case tending to show that others had slipped and fallen on this same
stone before the trial, and when the ground was free from snow, we are
of the opinion that the evidence negatives the conclusion that the snow
was not the cause of the unfortunate accident.   The plaintiff's descrip-
tion of the exact way in which she was hurt is meagre, and does not
seem to be sufficient to furnish a clear idea in that regard.   She says,
that she came to this stone and slipped.   She says:

"I slipped with the foot, and my foot came against something, and I fell
and kicked it, and it threw me back."

It is quite evident that as her foot was planted upon the sloping stone
she slipped downward, until it came into contact with the stone next ad-
joining on the north, which rose above the lower end of the slanting
stone half an inch at the joint, and it must be that this riser is what
caught her foot and threw her.   Had the plaintiff not slipped on the

slanting stone, it is unreasonable to suppose she would have met any injury. The difference in grade of half an inch between the northerly end of the sloping stone and the southerly end of the stone immediately adjoining it was so slight that we believe no careful or prudent man would reasonably anticipate danger from its existence. The unevenness of the walk at the precise place where the plaintiff's slipping foot was caught was insignificant, and the facts, so far as they bear upon this point, are much more strongly in favor of the defendants than the facts which were considered in the case of Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401. There the depression existed in the middle of a flag sidewalk, of a depth of the thickness of the surrounding flag, caused by the removal of a small piece of broken stone. The depth of the hole was about $2\frac{1}{2}$ inches, and the surface area was about 2 feet 2 inches in length by $7\frac{1}{2}$ inches in width. The alleged fault of the sidewalk in the present case is that one flagging projected half an inch above another across the width of so much of the sidewalk as was paved; and upon this branch of the case the decision in Beltz v. City of Yonkers, supra, must control in defendants' favor.

Both parties argued to considerable extent in their briefs in respect to the sloping character of the stone, and respondent seems to hold that the defendant was negligent in allowing this sloping stone to exist as it did. As we read the evidence, this question is not important, for this reason: had the plaintiff not slipped, it is not to be supposed that she would have caught her foot against the riser and fallen, and her own evidence leads to the belief that it was the snow and not the sloping stone that caused her in the first place to slip. She says:

"I suppose it was the snow that caused me to slip on that stone."

The case was tried on the theory, however, that, if the snow caused the injury, the defendants were not liable; and that is doubtless the law. Buck v. Village of Glens Falls, 4 App. Div. 323, 38 N. Y. Supp. 582; McCarty v. City of Lockport, 13 App. Div. 494, 43 N. Y. Supp. 693. This plaintiff would not have fallen if she had not first slipped, and she herself says that the slipping was due to the snow.

Judgment and order reversed, and new trial ordered.

Judgment and order reversed, and new trial ordered, with costs. All concur.