ROBERT TAYLOR, an Infant, etc., Respondent, *v.* THE CITY OF YONKERS, Appellant.

*It seems,* that although a municipal corporation has, under authority given by its charter, imposed upon the occupants of lots adjoining its streets the duty of keeping the sidewalks clear from snow, it is not thereby relieved from responsibility; it must see that its ordinance is, within a reasonable time, obeyed, or do the work itself.

It is not, however, guilty of negligence, if, observing the work is being generally done, it awaits for a reasonable period, the action of its citizens.

Statement of case.

Where a fall of rain or the melting of snow on adjoining premises is suddenly followed by severe cold, and thus the sidewalks are covered with a layer of ice, making them slippery and dangerous, the municipality is not required to see to its removal, but may without liability or negligence, await a thaw to remedy the evil; and, while it should require householders, where the danger is great, to sprinkle upon the surface ashes or sand or the like, it is not responsible for their omission so to do.

Adjoining a sidewalk, on one of defendant's streets, was a bank of earth. For two years the action of rain and frost had thrown upon the walk sand, gravel and stones from the bank until the flagging was entirely covered, the deposit sloping about one inch to the foot from the outer edge of the walk to the curb. Snow and ice had accumulated upon this slope, but sand washed from the bank prevented it from being dangerous. A rain-fall in the night time, however, washed off this sand and then froze, covering everything with a new surface of ice and making all the city streets slippery and dangerous for travel. Plaintiff the next morning in trying to pass from the adjoining lot across the sidewalk in question to reach the street slipped on the new ice, fell and was injured. In an action to recover damages for the injury, *held*, that, in the absence of evidence showing that the slope of the walk was a concurrent cause, without which the accident would not have happened, plaintiff was not entitled to recover; that the fact simply that there was a slope did not justify such an inference.

Where it is alleged that there were two concurring causes producing an injury, one of them a culpable dᵉ ect in a street, the municipalty cannot be made liable unless it appears that the injury would not have been sustained but for such defect.

Such a liability may not be imposed if it is just as probable that the injury came from one cause as the other.

(Submitted March 2, 1887; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made at the September term, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence in permitting a sidewalk upon one of its streets to become dangerous in consequence of an accumulation thereon of earth, snow and ice.

The material facts are stated in the opinion.

*Joseph F. Daly* for appellant. The defendant is only liable for some neglect or omission of duty on its part causing the injury. (*Battersby* v. *Mayor, etc.*, 7 Daly, 16 ; *Ring* v. *City of Cohoes*, 77 N. Y. 83.) The defendant should have been permitted to show the amount it spent upon its streets. (*Reed* v. *Mayor, etc.*, 31 Hun, 311 ; *Battersby* v. *Mayor, etc.*, 7 Daly 16.) Negligence of a police officer, or department, having special duties conferred upon it, by statute, for the protection of the people, does not make the city liable. (*Rehberg* v. *Mayor, etc.*, 91 N. Y. 137.) If the defendant had known of the existence of the old ice the day before the accident, and had covered it with sand so as to take its dangerous character away, it would have performed its duty. (*Blakely* v. *City of Troy*, 18 Hun, 167 ; *Smith* v. *Brooklyn*, 36 id. 224.)

*John F. Brennan* for respondent. The city having allowed a false and dangerous grade to continue after determining a proper grade, and obstructing stones to remain on the walk, and ice and snow to cover this danger, and make it more perilous, this action could be maintained. (*Urquhart* v. *City of Ogdensburg*, 97 N. Y., 238 ; *Reich* v. *City of New York*, 17 Week. Dig. 140 ; *Kennedy* v. *City of Cohoes*, 16 id. 206 ; *Merrill* v. *Fitzgibbon*, 29 Hun, 634 ; *Ring* v. *City of Cohoes*, 77 N. Y. 83 ; *Hampson* v. *Taylor*, 32 Alb. L J. 415.) Plaintiff had a right to show the general bad condition of the walk where he fell, as thus the danger would be more apparent and more likely to come to the notice of defendant, and its negligence in not remedying it would be more clear. (*Todd* v. *City of Troy*, 61 N. Y. 506 ; *Quinlan* v. *City of Utica*, 11 Hun, 218.) Defendant failed to show want of notice. (*Rehberg* v. *Mayor, etc.*, 91 N. Y., 138, 141.) A city cannot relieve itself from liability by imposing the duty of cleaning the sidewalks upon lot owners, (*Niven* v. *City of Rochester*, 76 N. Y. 619 ; *Wallace* v. *Mayor, etc.*, 18 How. 169 ; *Wilson* v. *Mayor, etc.*, 1 Den. 601.) Defendant's negligence was a question of fact for the jury. (*Taft* v. *City of Troy*, 18 Week. Dig. 478 ; *Payne* v. *Boston R. R. Co.*, 83

N. Y. 572 ; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464.)
The common council of the city of Yonkers have the same
power as commissioners of highways of towns, and have
exclusive control of the streets of the city of Yonkers.  (Tit.
7 of Charter, §§ 1, 2, 3 ; *Hubbell* v. *City of Yonkers*, 35 Hun,
349 ; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264 ; *Saulsbury* v.
*Village of Ithaca*, 94 id. 30.)   There is no distinction between
the duty to keep the streets clean and the duty to keep the
sidewalks in good order, as the word sidewalk is embraced
and covered by the word street.   (*In re Burmeister*, 76 N. Y.
174.)   The fact that plaintiff knew ice to be on the place
where the accident happened goes with other facts to the jury.
(*Evans* v. *City of Utica*, 69 N. Y. 166 ; *Palmer* v. *Deering*,
93 id. 7 ; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 21
Week. Dig. 169 ; *Fitzpatrick* v. *Mayor, etc.*, 99 id. 654.)

FINCH, J.  This case was submitted to the jury under instruc-
tions that a municipal corporation is bound to keep its side-
walks safe and convenient for the passage of the public, so far
as reasonable diligence and the possession of adequate resources
will allow ; and the application of this rule to conditions result-
ing from the rigors and changes of a northern winter, and to
two emergencies which frequently occur, was very fairly and
justly discussed and limited.   It often happens that in a single
day or night, every street and sidewalk in a city or village is
covered with a heavy fall of snow.   It is not expected and
cannot be required that the corporation shall itself forthwith
employ laborers to clean all the walks, and so accomplish the
object by a slow and expensive process, when the result may
be effected more swiftly and easily by imposing that duty
upon the citizens.   Each can promptly and without unreason-
able burden clean the snow from his own premises, and the
authorities may justly and lawfully require that to be done
under the jurisdiction conferred by their charters.   But though
the municipality makes the necessary regulation it is not
thereby relieved from responsibility.   The duty remains,
and it must, therefore, see to it that its ordinance is obeyed.

It is entitled, however, to a reasonable time within which to perform the duty in the manner permitted, and is not guilty of negligence, if, observing that the work is being generally done, it awaits for a reasonable period the action of the citizens. But when such reasonable time has been given, the corporation must compel the adjoining owners or occupants to act, or do the work itself, and if it suffers the obstruction to remain thereafter, with notice, actual or constructive, of its existence, it may become responsible for injuries resulting. Another and different emergency sometimes occurs and was referred to in the charge to the jury. When the streets have been wholly or partially cleaned it often happens that a fall of rain or the melting of adjoining snow is suddenly followed by severe cold, which covers everything with a film or layer of ice and makes the walks slippery and dangerous. This frozen surface it is practically impossible to remove until a thaw comes which remedies the evil. The municipality is not negligent for awaiting that result. It may and should require householders, when the danger is great, to sprinkle upon the surface ashes or sand or the like, as a measure of prudence and precaution, but is not responsible for their omission. It is no more bound to put upon the ice, which it cannot reasonably remove, such foreign material than to cover it with boards. The emergency is one which is common to every street in the village or city, and which the corporation is powerless to combat. Usually it lasts but a few days, and the corporate authorities may await without negligence a change of temperature which will remove the danger.

Both of these emergencies are shown to have existed in the present case, and as to both the learned trial judge gave to the defendant the full benefit of the rule as we have stated it. But there were further facts. The sidewalk along Buena Vista avenue, where it passed an unoccupied lot, was bounded on its inner line by an unprotected bank of earth. For two years the action of rain and frost had thrown upon the walk sand and gravel and stones from the bank, until the flagging was entirely covered by it, and a new and sloping grade sub-

stituted for the one adopted. The sand on the inner line was
about eight inches in depth, growing less toward the curb
where it was about one inch. Mixed in with this were stones
some of which were as large as apples. When the winter
came this walk was covered with snow which was never
removed. Before the accident the snowfall had been heavy,
but it was evidently not recent, for upon this walk it had been
trampled down by travel, and by freezing and thawing con-
verted into ice. These facts tended to establish negligence on
the part of the city. If the slope of the walk was not dan-
gerous in the summer weather, it might become so when
coated with ice in the winter, and those having the care of
the highway· were very blind if they did not foresee the
possible danger. No one, however, appears to have been
injured by it when simply in this condition, for the reason
probably that sand was continually washed upon it from the
adjoining bank. But this protection disappeared before
the plaintiff was injured. On the night preceding, rain
fell · which washed the sand from the ice, and then froze,
covering everything with a new surface, and making the
whole city slippery and dangerous for travel. That was just
as true of walks cleaned as of those not cleaned, and it may
even be the fact that the latter when paved, became by reason
of their smoothness, the most dangerous of all. That such
was the situation was very strongly shown by the conduct of
plaintiff himself. He boarded in a house adjoining the vacant
lot of which we have spoken, and standing so far above the
grade of the street that ten steps led down to the sidewalk
in front. On coming out in the morning with a companion
and observing the situation he hesitated to come down his
own steps to the sidewalk, although clear of snow as we may
fairly assume, and chose rather, as a measure of safety, to take
another route. He went through the picket fence at the side,
and on to the vacant lot which was covered with snow, and
thence down to the sidewalk which he essayed to cross, intend-
ing to go to his work through the middle of the street and
on the roadway. His conduct pictures the situation perfectly.

He stepped on the new ice surface, just formed, and for the existence of which the city was in no respect responsible. Had that been the whole of the case a recovery would have been impossible. But this new ice formed on a slope, having a fall toward the curb of six or seven inches in ten feet, which the city had negligently suffered to remain. If that slope was one concurring cause of the fall without which the accident would not have happened, the city is liable. We have stated the rule to be that " when two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in a highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained, but for such defect. (*Ring* v. *City of Cohoes*, 77 N. Y. 83, 88.) Now the jury were plainly charged that the new ice recently formed furnished no ground of negligence on the part of the city, and it necessarily followed that the jury found the slope of the walk to have been a concurrent cause without which the accident would not have happened. The only remaining inquiry is whether there were any facts which permitted that inference, or whether there were none, and the conclusion was mere guess and speculation. The fact proved was that the plaintiff slipped on the new ice lying on a slope. The inference, it is claimed, is natural and logical and sustained by common observation and experience that both of the conditions entered into the accident as proximate causes. But no one can say that if the new ice had spread over a level the plaintiff would not have fallen, and there is nothing in the case pointing to the slope as a concurrent cause beyond the bare fact that it existed, and so nothing to redeem the inference sought from the domain of mere guess and speculation. The question involved has been quite earnestly debated in other States where it arose under statutes requiring towns to keep the streets safe and convenient. In Maine and Massachusetts it is held that if, besides the defect in the way, there is also another proximate cause of the injury contribut-

ing directly to the result, for which neither of the parties is in fault, the town is not liable. (*Moore* v. *Abbott*, 32 Me. 46; *Moulton* v. *Sanford*, 51 id. 127; *Marble* v. *Worcester*, 4 Gray, 395; *Billings* v. *Worcester*, 102 Mass. 329.) These rulings are based largely upon two grounds, that the town is liable for the defect alone, and that the proportion of injury due to that cause is impossible to be ascertained. A contrary rule is held in Vermont and New Hampshire. (*Hunt* v. *Pownal*, 9 Ver. 411; *Winship* v. *Enfield*, 42 N. H. 197.) We have already stated the rule to be in this State that the defect, even when a concurring cause, must be such that without its operation the accident would not have happened. Where the defect is the sole explanation of the injury there is no difficulty; but where there is also another, for which no one is responsible, we have held that "the plaintiff must fail if his evidence does not show that the damage was produced by the former cause." (*Searles* v. *Manhattan R. Co.*, 101 N. Y. 661.) And we added that he must fail also if it is just as probable that the injury came from one cause as the other, because he is bound to make out his case by a preponderance of evidence, and the jury must not be left to a mere conjecture or to act upon a bare possibility. In this case that rule was violated. The plaintiff slipped upon the ice. That by itself was a sufficient, certain, and operating cause of the fall. No other explanation is needed to account for what happened. It is possible that the slope of the walk had something to do with it. It is equally possible that it did not. There is not a particle of proof that it did. To affirm it is a pure guess and an absolute speculation. Are we to send it to a jury for them to imagine what might have been? The great balance of probability is that the ice was the efficient cause; there is no probability not wholly speculative that the slope was also such. Its descent was slight, not quite an inch in a foot, and not more than constantly occurs in the streets of a city. No knowledge or intelligence can determine or ascertain that such a slope had any part or share in the injury, and to send the question to the jury is simply

to let them guess at it, and then upon that guess to. sustain a verdict for damages. I am quite willing to hold cities and villages to a reasonable performance of duty; but I am not willing to make them practically insurers by founding their liability upon mere possibilities. For these reasons, I think, the plaintiff should fail and the motion for a nonsuit should have been granted.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur except ANDREWS, J., not voting.

Judgment reversed.