## HARRIGAN *v.* VILLAGE OF HOOSICK FALLS.

### (*Supreme Court, General Term, Third°Department.* May, 1888.)

1. MUNICIPAL CORPORATIONS—ICY SIDEWALKS—LIABILITY FOR.
   In an action against a village for injuries caused by slipping on an icy sidewalk, it appeared that the accident occurred on Sunday; that the condition of the walk was caused by sleet which fell the night before; that the walk had previously been kept reasonably safe; and that there was nothing peculiar about the formation of the ice that contributed to the fall. *Held,* that the plaintiff could not recover.

2. COSTS—WHO ARE LIABLE FOR—REVERSAL OF JUDGMENT ON VERDICT RENDERED BY ERROR OF JURY.
   In an action against a village for injuries caused by slipping on an icy sidewalk, where the plaintiff obtained a verdict through the error of the jury, the costs of trial and appeal will be imposed on defendant.

Appeal from circuit court, Rensselaer county.

Action brought by Mary Harrigan against the village of Hoosick Falls for injuries sustained by falling on an icy sidewalk. Verdict and judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and INGALLS and LANDON, JJ.

*Henry A. King,* for appellant. *Stroud & Greene,* for respondent.

LANDON, J. The plaintiff, while walking in a funeral procession on the .south sidewalk of John street, in the village of Hoosick Falls, just east of the intersection of this street with Church street, in front of Mr. Mason's store, .fell, and broke her arm. There was ice on the walk from three to five inches thick, and had been for a greater part of the winter. The plaintiff slipped .and fell. She does not attribute her fall to any peculiar formation of the ice. .She testified it "was very icy; very bad ice there." "I saw it was an awful bad place. I mean by bad place, icy place." Rich, a witness for plaintiff, testified: "I did not see anything peculiar about the ice. It was rather .smoother than common." Wright testified that the walk was in "a very bad .condition; very icy; the ice was very uneven." Harrigan, a son of plaintiff, testified that the walk was "covered with ice, rough, and very rough ice at .that." Peters testified the walk was "icy and slippery. I can't remember .anything peculiar about the formation of the ice; nothing different from other parts of the village; nothing particular there." Mary Ford was walking with plaintiff when she fell. She took no particular notice of the condition of the .ice; "nothing more than it was very slippery there, and very icy." Mary Condon was also next to plaintiff when she fell. "It was very icy there. There was a very little snow on the ice." The gutter along the walk was not .open, and was filled with ice. Testimony was given to the effect that Ma-.son, who kept the store which opened upon this walk, usually kept the walk .swept, and sprinkled with ashes or saw-dust when it was slippery. No at-.tempt was made to cut off or remove the ice. Rich, a witness for the plain-.tiff, and a clerk in Mason's store, testified: "There is ice there all the time in .the winter. The sidewalk is such that it cannot be kept off. Whenever new .ice formed, I put on ashes." Peters, one of the witnesses for plaintiff, testi-.fied "that all the streets were very slippery that Sunday. We were amused .all day by seeing people slip and slide." Sibley, a witness for the defense, testified that "the streets were slippery all over town this Sunday, caused by .the sleet of the night before." Gaffney, a witness for the defense, testified .that he attended the "wake" on Saturday night of the person whose funeral .the plaintiff attended on Sunday, and that at 12:45 Saturday night, when he left the wake, there was a sleet-storm. Myers, a witness for the defense, re-.ferring to a diary which he kept, testified that it "was very cold and very slip-

pery" on that Sunday; that it rained on the Friday previous. There is no attempt to contradict by one witness any statement made by any other.

The court charged the jury that, if the slipperiness of the walk which caused the plaintiff's fall was caused from the storm of the night before, the plaintiff could not recover. If caused by the rain of Friday, and the subsequent cold, it was a question for the jury whether the village had notice of the condition of the walk; that the court could not say, as a matter of law, that, after the lapse of 48 hours, the village ought not to have found it out, and removed it. It seems to us that the uncontradicted evidence in this case shows that this walk was covered with sleet by the storm of Saturday night, and that its extreme slipperiness was owing to that cause; and therefore, within *Taylor* v. *City of Yonkers*, 105 N. Y. 202, 11 N. E. Rep. 642, the defendant was not liable. The walk is not shown to have previously been left in such a condition, from want of ashes, salt, or sawdust, or from irregularity of surface, as to have contributed to the plaintiff's fall. The evidence does not justify a finding that the sidewalk had been, previous to the Sunday upon which the plaintiff fell, in the slippery condition in which it was on that day, but tends to show that it had been kept reasonably safe and convenient for the public travel. The testimony is undisputed that the streets all over the village were unusually slippery on that Sunday, and there is no evidence that the same condition existed upon the days immediately preceding.

We conclude to reverse the judgment, and grant a new trial; but, as the error is on the part of the jury, we conclude to require the defendant to pay the costs of the trial below, and of this appeal.