Learned, P. J.
The plaintiff on the 17th of .January, 1884, between 12 and If. m., fell on the east side of Ninth street and was injured. The cause of the fall was a deposit of ice on the sidewalk, about 25 feet long, and the width of the sidewalk, about 12 feet. It was some two inches thick at the curb, and five inches at the place of the accident, fo'hned of snow saturated with some water. There is an embankment at the east side of the sidewalk, and where the ice joined the embankment it formed a sort of radiating semicircle, spread out under and wider as it went towards the curb. The ice *680 formed from the gully which came from top of the hill. The water ran over tliesidewalk, and spread out. It had thawed and frozen for two or three weeks. The ice was in layers, dark and dirty. There was a little snow over it at the time. The plaintiff calls the place a lump of ice about 12 inches in thickness. . Probably the testimony of the civil engineer is more accurate. We do not see that this case is like the Taylor Case, 105 N. Y. 202, 11 FT. E. Rep. 642. In the Kinney Cane, 108 FT. Y. 567, 15 FI". E. Rep. 728, the court cite the Todd Case, 61 FT. Y. 506, with approval, and say that the city may be liable to a traveler for injuries occasioned by sidewalks made unsafe in consequence of an accumulation of ice. That seems to be the present case. The ice was not in one sheet, or of recent formation. In the Kaveny Case, 108 FT. Y. 571, 15 FT. E. Rep. 726, the court say that the condition on the west end had nothing to do with the case, and that there was no proof that plaintiff slipped on ice, the product of the conductor at the east end. Furthermore, that it could not be, said that the freezing of the drip of the eaves was the proximate cause of the fall. The court, therefore, held that the city was not responsible, and hinted that they were not disposed to follow the “not to be questioned” Todd Case. In the present case we do not see that there was any general icy condition of streets. The accumulation seems to have been local, and so long continued that notice to the city might be presumed. We think, therefore, that plaintiff should not have been nonsuited. Colburn v. Canandaigua, 15 N. Y. St. Rep. 668.
The conversation between plaintiff and his counsel was properly excluded. The testimony given by the doctor as to the probable duration of plaintiff’s pain does not seem to us to come within the objection sustained in Strohm v. Railroad Co., 96 FI. Y. 806. There must be a reasonable certainty that the consequences will result from the original injury The doctor did not say that plaintiff might suffer pain, but that it was extremely doubtful that he would ever recover from it. The fact that there was no barrier there was only descriptive. It was not claimed that the city was bound to erect a barrier. The learned judge had sufficiently stated that in considering the plaintiff’s testimony the jury were to take into account the fact that he was interested. He had said that they might discredit plaintiff’s testimony. It was not necessary to explain further. The court was not bound to lay down any comparison between the duty of the city as to onestreet and its duty as to another. The question for the jury was the city’s duty as to this street and this place. The plaintiff’s counsel did not claim that there should have been a barricade at the place; so that there was no need to charge on the subject. Nothing in the charge had implied any such duty. On the whole, we see no error. Judgment and order affirmed, with costs.
Ingalls, J., concurs.