DWIGHT, P. J., and HAIGHT, J., concurred.

Defendant's motion for new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.

---

LILLIE KLENG, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

*Negligence — personal injury — icy sidewalks — duties of municipalities — contributory negligence.*

While municipal authorities are required to be reasonably vigilant in keeping the sidewalks in proper condition, they are not expected or required to do what is practically impossible in this climate, namely, remove snow and ice from the sidewalks immediately after it forms.

A person is guilty of contributory negligence who, fully understanding the condition of smooth, sloping ice in the middle of a sidewalk (it being in the daytime and the ice not covered with snow), deliberately walks upon the ice, and slips thereon and is injured, when he could have passed along the side of it with safety.

72 541
156a 700

72 541
42ap477

APPEAL by the defendant, the City of Buffalo, from a judgment of the Supreme Court in favor of the plaintiff, entered in Erie county on the 16th day of February, 1893, upon a verdict rendered at the Erie Circuit, and also from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought for the recovery of damages sustained by the plaintiff in falling upon a sidewalk in the city of Buffalo.

*Philip A. Laing*, for the appellant.

*Wallace Thayer*, for the respondent.

LEWIS, J.:

Giving to the evidence the most favorable construction for the plaintiff it will bear, it fails, we think, to sustain the recovery. The accident happened upon the sidewalk upon the northerly side of Swan street between Main and Washington streets, on the 17th day of February, 1892, at eleven-thirty in the morning, by the plaintiff falling upon ice on the walk and fracturing her arm.

The negligence complained of was in permitting the snow and ice to accumulate and lie upon the sidewalk. There was perhaps evidence enough to show that the ice had remained a sufficient length of time to constitute constructive notice to the defendant. The evidence tended to show that during the month of January and the forepart of February a large amount of snow fell in the city of Buffalo. Nearly four feet of snow fell in the month of January. The streets and sidewalks all over the city were during that month and the early part of February more or less covered with snow and ice. The amount of snow was so large that the householders were somewhat neglectful of their duty in removing it from the walks. The weather in the forepart of February, and up to the time of the accident, was very changeable. There was snow, sleet and rain, sometimes thawing and freezing in the same day. About one and one-half inches of snow fell on the eleventh of February, accompanied with wind, which drifted the snow considerably. On the fourteenth of that month a small amount of wet snow and rain fell and froze as it fell, forming ice and making the walking all over the city very difficult. It continued to freeze on the sixteenth and seventeenth of the month.

The sidewalk at the place of the accident was eight feet in width. Its condition is variously described by the witnesses. The plaintiff testified that the whole sidewalk at the place of the accident was icy; was hard ice and no snow upon it; that there was a ridge of ice three or four inches thick in the center; that it was an inch or two inches higher in the center than at the sides, sloping off to the right and left. Salena Weldorf, who was walking with the plaintiff at the time of the accident, testified that there was some ice. She did not know how thick, but it only covered a part of the width of the sidewalk; and that there was a path near the curbstone sufficiently wide to walk upon where there was no ice. The ice was hard and solid, looking like glass.

The witnesses called by the defense testified that there had been a pathway cut through in the center of the walk sufficiently wide for two persons to walk abreast, that was substantially free from ice. The evidence fairly established that there was at the place where the accident happened smooth ice upon a portion of the width of the sidewalk, some three or four inches in thickness and sloping very slightly to the sides of the walk.

It was established upon the trial that the winter of 1892 was an unusually severe one, and that the sidewalks in the city the greater part of the winter were covered with snow and ice, rendering the walking difficult. The frequent and sudden changes in the weather made it practically impossible to keep the many miles of sidewalk in the city free from snow and ice. To accomplish such a task it would have required an amount of labor and an expenditure of money not to have been expected or required of the municipality under the circumstances. While the city authorities are required to be reasonably vigilant in keeping the sidewalks in proper condition, they are not expected or required to do what is practically impossible, remove the snow and ice in this climate from the sidewalk immediately after it forms.

The ice at the place of the accident was smooth, the surface of it was practically level, with a slight elevation in the center.

The sidewalk at the place of the accident was, without much doubt, in better condition than most of the sidewalks in the city at the time. It was a thin covering of ice, such as may be expected in case of frequent changes in the weather in winter.

The occupant of the premises adjoining understood it to be his duty to keep the sidewalk free from ice. He testified that he did so far as he could, and frequently sprinkled it with sand or ashes during the winter of 1892.

To hold the city liable for negligence in this case would impose upon it the duty of keeping all of the sidewalks in the city free from snow and ice during the inclement winters of this climate. It is a matter of common observation that during such weather all the sidewalks of the city are covered to a greater or less extent with snow and ice. And in case of thawing, followed by freezing weather, the whole city is covered with ice.

It was held in *Taylor* v. *The City of Yonkers* (105 N. Y. 206), that in such emergencies the corporate authorities may wait without negligence a change of temperature which will remove the danger.

The plaintiff fully understood and comprehended the condition of the ice before she attempted to pass over it. All the information she had upon which she based her testimony as to the condition of the ice she acquired by looking at it before she fell. She knew about its thickness; that the center was somewhat elevated above the sides; that it was smooth, and deliberately walked upon it, when, if the testimony of the witness who accompanied her was correct, she could have passed along the side of it with safety. It was not a case of walking upon ice in the night-time, or when it is covered with snow, so that its true condition is not known.

Understanding, as she did, the situation, she must be held to have been guilty of negligence contributing to her injury.

We think the plaintiff failed to make a case, and that the judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment and order appealed from reversed and new trial granted, with costs to abide the event.