ELLEN SAFFORD, Appellant, *v.* THE VILLAGE OF GREEN ISLAND, Respondent.

*Negligence — municipal corporation — icy sidewalk — personal injury.*

In an action brought to recover from a municipality damages resulting from a personal injury suffered through the plaintiff's having fallen upon an icy sidewalk on which there was a ridge of earth covered with slippery ice, at a time when, by reason of the low temperature the municipality was not responsible for the slippery condition of the sidewalk or for the ice upon the ridge, the plaintiff is properly nonsuited on failing to establish the fact that the accident would not have occurred but for the presence of the ridge.

APPEAL by the plaintiff, Ellen Safford, from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 28th day of October, 1892, upon a dismissal of the complaint at the Albany Circuit, and also from the order directing the dismissal of the complaint upon the merits.

The action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendant, a village, in permitting a ridge of earth and ice, extending across the sidewalk on Hudson avenue in said village, to remain for a long period of time, rendering the walk unsafe and dangerous for travelers, and thus causing the plaintiff while passing over it to fall and sustain serious personal injuries.

The defense was a denial of negligence on the part of the defendant, and an averment of contributory negligence on the part of the plaintiff.

*Edward W. Douglas*, for the appellant.

*George B. Wellington*, for the respondent.

HERRICK, J.:

It appears in this case that a ridge had been formed across the sidewalk by excavating to put in a water pipe, and failing to sufficiently pack down the earth afterward filled in. This ridge was covered with ice, in the language of the plaintiff's daughter, " So that the ridge was slippery, glary, glassy; it was clear ice, glassy ice; shiny like the surface of glass and very slippery."

The thermometer had been below zero for some days prior to the accident in question, and the streets of the village were generally slippery.

It is impossible to determine from the evidence whether the plaintiff would or would not have fallen except for the ridge upon the sidewalk; the jury could have merely guessed whether it was the ridge or the ice, or both combined, that caused the accident.

The defendant was not responsible for the slippery condition of the sidewalk, nor for the ice upon the ridge, and such being the case, and the plaintiff not establishing her claim that the accident would not have occurred but for the presence of the ridge, was not entitled to recover, and the nonsuit was proper. (*Taylor* v. *City of Yonkers*, 105 N. Y. 202; *Hunter* v. *N. Y., O. & W. R. R. Co.* 116 id. 615-624; *Grant* v. *P. & N. Y. C. & R. R. Co.* 133 id. 657.)

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.