BRIDGET McINERNEY, Respondent, *v.* THE CITY OF ELMIRA, Appellant.

*Negligence — proof as to which of two things caused the accident.*

The verdict of a jury against a city which permitted a flagstone, four feet square, connecting a plank street crossing with the sidewalk, to become so sunken so as to form, with banks of earth on each side of it, a depression in which water collected and froze, will not be sustained in favor of one who falls upon the street and sustains injuries, but is unable to state whether the accident was caused by slipping upon the ice thus formed or upon the end of the plank crosswalk.

APPEAL by the defendant, The City of Elmira, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 11th day of December, 1895, upon the verdict of a jury rendered after a trial at the Chemung Circuit, and also from an order entered in said clerk's office on the 20th day of May, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Dennis P. Lynch*, for the appellant.

*A. C. & J. P. Eustace*, for the respondent.

PUTNAM, J.:

The plaintiff, on the night of January 26, 1894, while walking in a southerly direction on the west sidewalk of High street in the city of Elmira, fell and sustained injuries, to recover damages for which this action was brought. She fell at a place where John street (which runs east and west) in said city crosses High street (which runs north and south), at or near the line of the curbstone on the south side of the former street. A plank walk extended on the

west side of High street across John street and rested on the curb-stone on the south side of the latter street, at which place the end of the planks were beveled.    Between the end of the plank walk and the paved part of the walk on the south side of John street and forming a connection therewith was a flagstone about four feet square.    This stone, from its connection with the paved walk on John street, pitched or sloped three or four inches to the plank walk. The earth also was banked up on each side of it so that a basin was formed, which in wet weather became and remained filled with water.    On the night of the accident, this place was filled with water and frozen so that a strip of hard, smooth ice was formed, the surface of which, some of the witnesses state, was from two to three inches below the top of the plank walk; while the witness Rawlins, who made a measurement the day after the accident, testified that the distance from the top of the ice to the top of the plank walk was seven-eighths of an inch.

On the trial, the plaintiff claimed to recover on the ground that the defendant was negligent in suffering this basin to remain in its street, and also in failing to remove the ice therefrom.    At the sug-gestion of the trial court, she waived any claim of negligence against the defendant on account of its failure to remove the ice, and the court, the plaintiff consenting, then determined the questions to be submitted to the jury as follows: " Then that is the only question I will submit to the jury, and that is, whether they allowed this hole, if there was a hole, to remain there so long as to be negligence; and the question of plaintiff's contributory negligence will be a question for the jury besides.    I will deny the motion for a nonsuit, and I will hold that there is no negligence in not removing the ice, but I will hold that if the jury find that the city ought to have filled up that hole, or raised that stone, so as not to leave a basin there in which water could collect and freeze, if that were negligence, then there can be a recovery, provided that negligence caused the injury, and the plaintiff was free from negligence."    Again, in charging the jury, he said: " What is the defect here alleged?    The defect is practically that this stone at the corner of High street and John street was allowed to become so sunken below the crosswalk on the one side and the walk on the other, and the banks upon both sides, that it formed a basin in which was collected a pool of water, and

that pool of water upon a wintry day would freeze and become ice, and thereby render the walk unsafe. * * * Did the exercise of reasonable care require that stone to be raised, or some way be given for the water to run off so as to avoid the freezing of the water, in case a cold snap should come on when the place was full of water in the winter time ? "

No claim was made on the trial, nor was there any evidence offered to show, that the plank walk extending across John street was not properly constructed and maintained. It was beveled at the end, but it does not appear how the work was done. It is suggested by the learned counsel for the respondent that the plaintiff may have slipped on the beveled end of the crosswalk, and that this beveled end of the plank walk was a dangerous construction. But no such claim appears to have been made on the trial ; no evidence was given in that regard, and no question as to the condition of the plank walk was submitted to the jury. The sole question left to the jury was as to the alleged negligence of the defendant in suffering the basin at the end of the crosswalk to remain in a dangerous condition.

To maintain her action it was necessary for the plaintiff to show, not only negligence on the part of the defendant in allowing the stone at the junction of High and John streets to become so sunken below the crossing as to form a hole in the street, but also that such negligence caused the injury to the plaintiff for which she seeks to recover damages. At the time of the accident the hole was filled with water and frozen, so as to form a strip of smooth, glary ice, the top of which was, as plaintiff's witnesses testify, two or three inches below the top of the plank walk.

Assuming that the jury were authorized to find from the evidence that the city was negligent in suffering the basin to remain in the street, we are of the opinion that the plaintiff failed to show that such negligence caused the injury of which she complains. It was not shown that her fall was occasioned by the basin or the ice therein. On her direct examination the plaintiff testified as follows : " I was on High street at the time I left the house, and as I got to the corner of High and John I slipped on the end of the crossing and fell ; I was then walking slowly and carefully ; I don't know what caused my fall, but my foot slipped from under me so

quickly that I came down before I knew it." And upon cross-examination she said: "All I can say is, I slipped and fell on the end of the sidewalk; I can't say whether it was on the plank sidewalk or not, but it was at the end of the crossing over the sidewalk." In the absence of evidence the jury could not be allowed to guess that the plaintiff's fall was occasioned by the basin in the street, or the ice formed thereon. The testimony of the plaintiff rather indicated that her foot slipped on the plank walk before she reached the ice; if so, the defendant was not liable. As we have seen, no claim was made on the trial that the plank walk, or the beveled end thereof, was not in proper condition, and no evidence was offered in that regard. No question as to its condition was submitted to the jury, or requested to be.

The testimony of the witness Rachell does not show at what point of the walk the plaintiff slipped. He, at the time of the accident, was on the opposite side of the street; it was a dark night, and he thought the electric light was not shining; he does not claim to have seen where she slipped, he saw her fall on the ice. If she slipped at the end of the crosswalk she would naturally have fallen at that place.

On the evidence in the case it was certainly as probable that the plaintiff slipped on the crosswalk as upon the ice in the basin. She was not, therefore, entitled to recover, as she was bound to establish her case by a preponderance of evidence, and the jury were not authorized to base a verdict on mere conjecture, or to act upon a mere possibility. (*Taylor* v. *City of Yonkers*, 105 N. Y. 202–209.)

Assuming, therefore, that negligence on the part of the defendant in suffering the basin in question to remain in its streets was shown, we think that the plaintiff failed to prove that such negligence caused the injury for which she seeks to recover

Without considering other questions raised in the case, we conclude that the judgment and order should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.