CONKLIN v. CITY OF ELMIRA.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—LIABILITY.

Where ridges, formed in a city sidewalk by portions of it being raised by tree roots beneath, are of long standing, the city will be liable for injuries sustained by a person from a fall while carefully walking along, caused by his slipping on ice, concealed by snow, which has formed on one of the ridges.

Appeal from circuit court, Chemung county.

Action by Lizzie A. Conklin against the city of Elmira for injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on a case and exceptions, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Dennis P. Lynch, for appellant.

W. E. Knapp, for respondent.

LANDON, J.   The plaintiff, about 10 o'clock on the morning of March 2, 1895, was walking upon the north side of West Fourth street, in the city of Elmira, when she stepped upon the top of an icy ridge in the sidewalk, and her foot slipped into a depression by the side of the ridge, and she fell, and broke her left arm.   The icy ridge was formed over the bricks of the walk, which had been upheaved by the roots of a large elm tree standing near the place where she fell.   The elevations and depressions in the brick walk, caused by the roots of the tree, were of long standing.   They were covered with ice, two or three inches thick, formed of the melted and trodden snow, and, except as affected by the snow which had fallen the previous evening, had been substantially in the same condition for several weeks previous to March 2d.   The newly fallen snow had been cleared from the walk in part, but snow enough remained or fell after the cleaning to hide the ice.   The plaintiff testified that she noticed the roughness in the walk, and tried to be careful, but did not see the ice until her elbow, upon which she fell, brushed the snow from it.   The inequality in the walks made the ice the more dangerous,—a danger which was increased by the thin layer of freshly fallen snow which concealed it.   It is not a case of uncertainty between two proximate causes, for one of which the city would be liable and not liable for the other; but it is a case where three causes concur, namely, the bad sidewalk, the snow, and the ice; and, as we should hold after verdict, without the bad walk the injury would not have happened.   It is plain that each cause made the other worse.   The real, proximate cause, however, was the bad sidewalk, which, as should have been foreseen, had become more dangerous by its covering of ice, and still more dangerous by the light snow hiding the ice.   It is unlike Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, in that here the condition of the permanent walk was the proximate cause, or one of the concurring proximate causes.   We think the case was one for the jury.

Judgment and order affirmed, with costs.   All concur.