ANNA MARIA LEHMANN, as Administratrix, etc., of JOSEPH LEHMANN, Deceased, Respondent, *v.* THE CITY OF BROOKLYN, Appellant.

*Negligence — hole two feet deep in a city street caused by the flow of surface water to a sewer basin — liability of the city — proximate cause.*

In an action to recover damages for the death of the plaintiff's intestate resulting from a fall from a wagon which he was driving upon a public street of the defendant (a municipal corporation), and which was overturned in consequence of one of its wheels sinking up to the hub in a hole about two feet deep in the street, caused by the flow of surface water on the roadway to a sewer basin, evidence which shows that the depression had existed in the same condition for

six weeks previous to the accident, and which warrants the jury in assuming that it was produced by the particular manner in which the sewer basin was constructed, and the situation in which it was placed, justifies a finding that the defect was one for which the municipality is responsible.

The fact that the surface of the street was made slippery by snow, and that that circumstance combined with the hole in the highway to produce the accident does not relieve the city from responsibility, as the driver of the wagon would not have been killed if there had been no depression in the street deep enough to upset the wagon.

APPEAL by the defendant, The City of Brooklyn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 3d day of November, 1897, upon the verdict of a jury for $7,000, and also from an order entered in said clerk's office on the 9th day of November, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Almet F. Jenks, Assistant Corporation Counsel,* for the appellant.

*Samuel S. Whitehouse,* for the respondent.

WILLARD BARTLETT, J.:

This action belongs to the numerous class of cases in which municipal corporations have been held to be chargeable with negligence for failing to take care to maintain their streets in a fairly safe condition for the use of travelers. The plaintiff's intestate drove a brewery wagon into a hole on Barbey street near the Eastern Parkway in Brooklyn and was thrown from the wagon and killed. The accident occurred on a winter morning when the ground was so deeply covered with snow as to conceal the hole from the observation of the driver. It is difficult to gather from the evidence a very precise idea of the character of the depression in the roadway, which the witnesses call a hole, and into which one of the wheels of the brewery wagon suddenly sank up to the hub, causing the overthrow of the vehicle and its load. Enough appears, however, to indicate that this depression was about two feet deep at the time of the accident, and that it owed its existence to the action of the surface water on the roadway, flowing toward a sewer basin

placed in the street by the department of city works. The earth would wash away here from time to time, and would be replaced by the employees of the department. But the jury probably inferred that such repairs had not been very recent, and that a dangerous hole had been there long enough to charge the city with notice of its presence, from the testimony of a witness living in the immediate vicinity, who swore that the very condition which existed on the day of the accident had existed for about six weeks previously.

Barbey street at this point was not paved, but was what is commonly known as a dirt road, in a sparsely-inhabited portion of the city. It is true, as the learned counsel for the appellant contends, that a municipality is not held to so strict a responsibility for the condition of such a street as it would be in the case of a street in a thickly-settled neighborhood. But the trial judge gave the defendant the full benefit of this distinction. "It must be obvious," he said to the jury, " that where highways are built in a new country, leading, perhaps, to fords or ferries, where the conquest of nature has but begun, there is not the same obligation imposed as towards highways as in older sections of the country. In mountain districts, where few live, the same degree of care is not observed or required in regard to roads and highways, and you may consider, if you see fit, in estimating the degree of care and vigilance that the city owed, that this was a sparsely-settled neighborhood, and not in the heart and much-traveled part of the city." This instruction fairly embodied the rule laid down in *Glasier* v. *Town of Hebron* (131 N. Y. 447), and the record indicates that it was satisfactory to the counsel who represented the city on the trial, as he requested no further or different charge on the subject.

It is said that the so-called hole was not made by the city or by a third person, but was the natural result of the action of the elements upon the land that lay within the street lines. But the effect of the rain in producing the depression was induced by the particular manner in which the sewer basin was constructed, and the situation in which it was placed — or at least so the jury were authorized to find; and for a method of street construction which, under the natural and ordinary action of the elements, will render street travel dangerous, a municipality is as justly subject to liability when the dangerous condition arises as if it had actually created the dangerous

condition in the first instance, without the intervention of the weather.

Before the brewery wagon reached the depression which tipped it over, the wheels slid several feet over the snowy surface of the street, and it is, therefore, argued that the accident was wholly attributable to the snow, for the presence of which the city is not responsible. As to this point, however, the most that can fairly be said is that the slippery surface formed by the snow combined with the hole in the highway to produce the injury, and under such circumstances the municipality is liable, inasmuch as the accident would not have occurred in the absence of the hole, no matter how far the wagon wheels might have slid over the snow. (*Taylor* v. *City of Yonkers,* 105 N. Y. 202, 208.) Whatever action the snow may have had as a concurrent cause, it is clear that the plaintiff's intestate would not have been killed if there had been no depression in the street deep enough to upset the wagon. As has already been shown, there was evidence that this depression had been there sufficiently long to charge the city with notice, and the jury were fully justified in finding that it constituted a culpable defect in the highway.

The case was correctly and most fairly tried, and the record discloses no error which requires, or would warrant, a reversal.

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs.