VERONICA MYERS, Respondent, *v.* CITY OF BEACON, Appellant.

Second Department, October 24, 1919.

**Municipal corporations — liability of city for injury to pedestrian from fall on walk covered with ice and snow — evidence — city not liable for failure to cover slippery walks.**

In an action for personal injuries resulting from slipping and falling on ice covering a walk in one of the streets in the defendant city, the defendant was charged with negligence in allowing a dangerous accumulation of ice and frozen snow to remain upon the walk for a long time without action to compel its removal by the property owner or by the city itself. It appeared that on the third day before the accident the walk was free from ice and snow; that on the afternoon of said day there was rain and snow accompanied by freezing temperature, leaving the sidewalks throughout the city in a slippery condition; that the temperature remained below freezing; that snow began to fall on the day of the accident and continued up to the time when plaintiff fell. There was no evidence of any slope or defect in the walk itself.

*Held,* that the evidence presented a case for the jury.

The jury was properly instructed that if the slippery surface was caused by the rain and snow on the third day before the accident and the continued freezing temperature so that the surface could not be made safe by its removal, the defendant would not be liable, but it was reversible error for the court in its subsequent instructions to allow the jury to impute negligence to the city authorities because of their failure to cover the icy surface in some way between the time of the accumulation of ice and snow and the time of the accident, the temperature being below freezing during all of said period.

Although cities and villages should take notice of conditions created by snowfalls, it is impracticable for the municipality itself to at once undertake to remove the snow and ice from the sidewalks, and it cannot be held liable for failure to place sand or ashes or some other protection over the sidewalks before it is under any legal obligation to remove the snow or ice.

APPEAL by the defendant, City of Beacon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 10th day of June, 1918, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 12th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

*John T. Kelly,* for the appellant.

*Morschauser & Mack,* for the respondent.

KELLY, J.:

The plaintiff slipped and fell on ice covering the walk in one of the streets in the city of Beacon, receiving injuries for which she claims the city is responsible. The accident occurred between nine and ten o'clock at night on Christmas eve. The negligence charged against the defendant is that it allowed a dangerous accumulation of ice and frozen snow to remain upon the walk for a long time without action to compel its removal by the property owner, or by the city itself. There was evidence in the case of the presence of rough, uneven ice and snow at the point where the accident occurred, the result of several snowfalls, and frozen rain and slush packed hard by the use of the walk, while other walks in the vicinity were kept clean. The defendant offered evidence that the walk was regularly cleaned; that on the twenty-first day of December, three days before the plaintiff's mishap, the walk was free from ice and snow; that on the afternoon of the twenty-first there was rain and snow accompanied by freezing temperature, leaving the sidewalks throughout the city in a slippery condition; that the temperature remained below freezing on the twenty-second and twenty-third and twenty-fourth; that snow began to fall on the afternoon of December twenty-fourth and continued up to the hour of the plaintiff's accident. The plaintiff admitted that it was snowing when she fell, her claim being that the snow was thin and light, covering the icy deposit on the walk. There was no evidence of any slope or defect in the walk itself, but on the whole case we think the evidence presented a case for the jury.

A more serious question is presented, however, by the exception taken by defendant to the charge of the learned trial justice in which he defined the duty of the city. Upon the evidence at the trial the jury would have been justified in finding that this particular walk was free from snow and ice on December twenty-first, and that the ice and snow on which plaintiff fell came from snow and rain on the afternoon of the twenty-first, with freezing temperature; that the temperature continued below the freezing point to the time of the accident, and that it was snowing on the afternoon of the twenty-fourth and at the time the plaintiff fell. The learned trial judge correctly charged the jury that

if the slippery surface was caused by this rain and snow on the twenty-first, and the continued freezing temperature so that the surface could not be made safe by its removal, the defendant would not be liable, but he added, " unless you should find that it was careless and negligent not to cover over this slippery surface with some substance that would make it safe. But the city would not be liable for the presence of the snow and the ice that formed on the twenty-first, if the weather thereafter was of such a character that it could not be removed. * * * For the accumulation of snow and ice on the twenty-first of December the city is not liable, if the formation was such, and the weather was so cold, that it could not be removed, unless the city ought in the exercise of reasonable care, to have covered over that surface with some substance that might have made it safe or less dangerous." At the close of the charge the counsel for defendant excepted to the charge of the court in so far as it allowed the jury to impute negligence to the defendant for failure to cover " the slippery walk with ashes, or some similar substance." The court replied, " I did not say ashes, I said some substance to make it safe." Counsel for defendant then asked the learned judge to charge that " if the sidewalk on the evening of the twenty-first was reasonably clear of ice and snow, and if a rain fell on the twenty-first making all sidewalks slippery, and if the temperature from the time of the falling of the rain was always below freezing up to the time of the accident, so that the ice on the walk caused by the rain did not melt, the defendant would not be liable for any accident caused by such icy walk." To which the court replied: " I charge that, gentlemen, unless, as I said before, you should find that the city authorities were negligent in not making the place reasonably safe after the twenty-first of December, if they could have reasonably done so." And the trial judge continued: " In that connection, I think I had better charge you that the city would not be liable for a failure to cover the icy surface with something that would make it less dangerous, unless it had notice of the dangerous condition, or unless sufficient time elapsed after it became dangerous and the day of the accident to charge the city with notice — that is, unless you say that so much time elapsed that the city in the exercise of reason-

able care ought to have known of this condition.  If the city had actual notice of the dangerous condition by reason of the sleet and ice on the twenty-first of December, if it had actual notice, or if it could be charged with notice because of the lapse of sufficient time, then the city should have exercised reasonable care to cover that slippery place and make it reasonably safe.  Otherwise, if they did not have notice of its dangerous condition, or if you should say sufficient time did not elapse to charge them with notice, then there was no obligation on the part of the city to cover the slippery place.  This is all assuming that it was clear up to that time."  The following colloquy then took place between the learned court and counsel for defendant: " Mr. Lown: I except to your qualification of my request to charge, and I ask that you charge that the municipality was not bound to put ashes or any other similar substance, on the sidewalks generally throughout the city.  The Court: I will leave it to the jury to say whether the city should have done it or not under all the circumstances.  Exception taken by Mr. Lown.  Mr. Lown: I ask your Honor to charge that the city was not bound to put ashes, or any similar substance on this particular sidewalk.  The Court: I leave it to the jury to say.  Exception by Mr. Lown.  Mr. Lown: I ask your Honor to charge the jury that if any ice is formed on a sidewalk, the municipality, or the lot owner, may in the exercise of reasonable discretion wait for a thaw in order to remove it.  The Court: Yes, wait a reasonable time.  Exception taken by Mr. Mack.  Mr. Lown: I ask your Honor to charge that negligence on the part of the owner does not mean that the city is negligent, unless the property owner has had reasonable time to remove the accumulation.  The Court: I so charge."

The trial judge thus allowed the jury to impute negligence to the city authorities because of their failure to cover the icy surface in some way between the evening of the twenty-first and the evening of the twenty-fourth, the temperature being below freezing during all the time.  If there was any such obligation on the part of the city, it applied not only to the place where the accident occurred, but to the sidewalks of the entire forty miles of streets in the city of Beacon.  If this liability attached to the city of Beacon, it is also upon

every city and village in the State charged with the care of
public highways. The record is silent as to the available
force employed on and about the streets of the city of Beacon.
Such liability is a very serious one if it is to be imposed on
municipal corporations generally. In *Taylor* v. *City of
Yonkers* (105 N. Y. 202, 206) the Court of Appeals said:
" When the streets have been wholly or partially cleaned it
often happens that a fall of rain or the melting of adjoining
snow is suddenly followed by severe cold, which covers every-
thing with a film or layer of ice and makes the walks slippery
and dangerous. This frozen surface it is practically impossible
to remove until a thaw comes which remedies the evil. The
municipality is not negligent for awaiting that result. It
may and should require householders, when the danger is
great, to sprinkle upon the surface ashes or sand or the like,
as a measure of prudence and precaution, but is not responsible
for their omission. It is no more bound to put upon the ice,
which it cannot reasonably remove, such foreign material
than to cover it with boards. The emergency is one which is
common to every street in the village or city, and which the
corporation is powerless to combat. Usually it lasts but a few
days, and the corporate authorities may await without negli-
gence a change of temperature which will remove the danger."
We have found no case reported where any such stringent
obligation is placed upon municipal corporations. Cities and
villages should take notice of conditions created by snowfalls,
but it is impracticable for the municipality itself to at once
undertake to remove the snow and ice from the sidewalks.
The procedure followed by the defendant here, as shown by
the evidence, is similar to that in all of the cities and villages
in the State. Notice is given to the property owner to clear
the snow from the sidewalk in front of his premises. If the
owner fails to comply with the notice within twenty-four hours
after the snowfall ceases, complaint is made, in this case
by the city inspector, and the city sends out men to clean
off the sidewalks, charging the expense to the delinquent
property owner. The chief of police of the defendant city
said that the working force was limited, but in such cases
they sent out the men working for the city immediately, and
if there were " tramps " available they were put to work

assisting the regular force. But to say that the municipality was obliged to put sand or ashes or some other protection over the sidewalks, before it was under any legal obligation to remove the snow, is to make an unreasonable rule impossible of performance and never asserted in this State so far as we have been able to ascertain. In the case at bar the verdict of the jury may have been based entirely upon the failure of the city to undertake this unusual and unreasonable requirement.

The judgment and order should be reversed and a new trial granted, costs to the appellant to abide the event.

MILLS, RICH, PUTNAM and JAYCOX, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.